THE STATE ex rel. JULIUS HALLER v. GLENDY B. ARNOLD et al., Members of Board of Election Commissioners of St. Louis, and HENRY C. MENNE, City Treasure.

In Banc, March 21, 1919.

1. **ELECTION: Nomination: Receipt of Statutory Fee.** Section 6015, Laws 1913, p. 337, does not require, as a condition precedent to the placing, by the Board of Election Commissioners of the City of St. Louis, of the name of a proposed non-partisan candidate on the official ballot, that the receipt of the City Treasurer for the deposit of the fee fixed by said statute shall be filed along and contemporaneously with the certificate of nomination of the candidate. A statutory requirement of a contemporaneous filing of the receipt, without exception, would be so narrow and would so restrict and circumscribe the right of a citizen to be a candidate as to be unconstitutional, as an impingement upon the constitutional guaranty that "all elections shall be free and open."

2. ———: ———: ———: **Treasurer's Absence From Office.** Since an eligible candidate for office is entitled to the whole of the last day allowed by law within which to file his certificate of nomination, and since the payment of the filing fee can be made only to the City Treasurer and his receipt is made the sole evidence of the payment, a non-partisan candidate for an office ought not to be deprived of his right to have his name printed on the official ballot by the adventitious absence of the Treasurer from his office or the city, if his certificate of nomination in proper form is presented to the Board of Election Commissioners in due time and he is otherwise without fault.

Mandamus.

WRIT ISSUED.

*Taylor R. Young* and *T. T. Hinde* for petitioner.

*Frank W. McAllister*, Attorney-General, and *S. E. Skelley*, Assistant Attorney-General, for respondents.

FARIS, J.—This is an original proceeding by mandamus whereby it is sought to compel respondents

Arnold, Buder, Lammert and Dempsey, who compose the Board of Election Commissioners of the City of St. Louis, to place and cause to be printed the name of petitioner, Julius Haller, on the official ballot of an election to be held in said City of St. Louis on the first day of April, 1919, as-a non-partisan candidate for the office of President of the Board of Aldermen of said city, and to compel respondent Menne, who is the Treasurer of the City of St. Louis, to receive and receipt for the deposit fee of sixty dollars, which is required by law to be paid by all candidates for said office.

It is stipulated by counsel for petitioner, and by the Attorney-General of Missouri as counsel for all of the respondents, that the issuance of our alternative writ of mandamus shall be regarded as waived; that the petition herein shall stand as and for the alternative writ of mandamus, and that the case shall be submitted for the immediate judgment of this court upon a general demurrer to the petition, standing as and for such alternative writ. The case in therefore at issue upon a cold question of law, which question is to be resolved by the application of the ruling statutes and law to the agreed facts as the petition recites these facts.

The petition is therefore pertinent. It reads, omitting merely formal parts, as follows:

"Your petitioner, Julius Haller, states that he is and has been for many years last past, a resident and registered voter and elector of and in the City of St. Louis, State of Missouri, a city having more than 4000,000 inhabitants and having among other offices the elective office of President of the Board of Aldermen, and that as such resident and elector, petitioner is eligible to said office of President of the Board of Aldermen; that said city has a Board of Election Commissioners consisting of four members, the present members being and were on the 17th day of March, 1919, 1, 2, 3, 4, four of the above-named respondents, having such official duties as is by law provided; that said city also

has the office of said Treasurer and that the respondent is now and was on the 17th day of March, 1919, the said Treasurer of said city.

"That said city has in pursuance of law in such case made and provided, called and caused to be given notice of an election to be held. in and for said city on the first day of April, 1919, at which said election there are to be elected officers to fill the several city offices, including the office of President of the Board of Aldermen of said city.

"That petitioner, desiring to become a candidate for said office of President of the Board of Aldermen of said city and to have his name appear on the official ballot as a non-partisan candidate therefor, prior to March 17th circulated and procured the signatures of registered electors of said city to a nomination petition or certificate of nomination, being in words and figures as follows:

"To the Honorable
THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF SAINT LOUIS, MISSOURI.

We, the undersigned registered electors residing within the City of Saint Louis, Missouri, being bona-fide supporters of, and not having aided, and who will not aid, in the nomination of any other candidate for the office hereinafter mentioned, do hereby nominate Honorable Julius Haller as non-partisan candidate for the office of President of the Board of Aldermen of the City of Saint Louis, Missouri, at the election to be held April 1, 1919.

| Signature | Residence | If signer has moved since registering state where he registered from | Ward | Prec. |
| --- | --- | --- | --- | --- |
| | | | | |

"That said petition or certificate was in fact signed by 3412 registered electors, residing in said city, being a number in excess of two per cent of the entire votes cast for mayor at the last preceding election of said city for that office.

State ex rel. Haller v. Arnold.

"That thereafter, on the 17th day of March, 1919, petitioner in compliance with the provisions of Section 6015, Revised Statutes 1909, as amended by the Laws of 1913, called at the office of respondent, City Treasurer as aforesaid, for the purpose of paying in the sum of sixty dollars and taking his receipt therefor, to be thereafter filed with said election commissioners, but was then unable to find said treasurer at his office or elsewhere; said sum of sixty dollars being equal to two per cent of the salary for one year of said office of President of the Board of Aldermen of said city, for which petitioner is the candidate.

"That thereafter, on the 17th day of March, 1919, being the last day for filing certificates of nomination, petitioner presented to and filed with said Board of Election Commissioners his said certificate of nomination, signed as aforesaid, which was and is now retained by said board, but by its voting action said board has officially ruled and declared that said filing is not in compliance with the law and for the sole reason that the receipt of said treasurer for a deposit with him of said filing fee was not filed with said board, together with said certificate of nomination filed as aforesaid, and for that reason said board informed petitioner that his name would not appear on the official ballot to be voted at said election.

"That thereafter, on the 18th day of March, 1919, petitioner found said treasurer and tendered to him said filing fee in the sum of sixty dollars and demanded that said treasurer receive and receipt for the same, that petitioner might be thus enabled to file said receipt with said Board of Election Commissioners, but this the said treasurer declined and refused to do, then stating to petitioner he was advised by the city counselor of said city not to accept or receipt for said fee; but said treasurer did on that date give petitioner a written statement over his signature showing that petitioner had made the tender and demanded a receipt therefor as above stated.

"That thereafter, on the 18th day of March, 1919, petitioner filed said written statement of said treasurer with said Board of Election Commissioners and again requested and demanded that his name be by said board ordered printed on the official ballot to be voted at said election as a non-partisan candidate for the office of President of the Board of Aldermen of said city, but this the said board again refused and yet refuses to do and will not do unless so ordered by the court.

"Petitioner further avers that by a proper construction of the language of the provisions of the laws of the State of Missouri governing such nominations it was not made obligatory upon him to pay said filing fee and file said treasurer's receipt therefor with said Board of Election Commissioners thereafter and at the time of filing his said certificate of nomination, as aforesaid; that the filing of such receipt at the time of filing his certificate of nomination is not by law made a prerequisite to entitle petitioner to have his name printed on the official ballot; that if by a proper construction of the language of the statute it can be said the receipt is required to be filed with the certificate of nomination, such provision must be held to be only directory and not mandatory.

"Petitioner further avers that if, as claimed and contended for by respondents, Section 6015, Revised Statutes 1909, as amended by Laws 1913, p. 335, requires petitioner to pay said filing fee before filing his certificate of nomination, then said section is unconstitutional and void as being in conflict with Section 9, Article 2, of the State Constitution, providing that 'all elections shall be free and open;' and petitioner hereby expressly raises this constitutional question and asks the court to pass on the same in considering this petition.

"Petitioner further avers that respondents, and each of them, have refused, and yet refuse, to perform their respective official duties in the premises, as hereinabove alleged; that the matter herein involved

is not only of personal interest to petitioner, but is also of vital public interest to the citizens of the city and State at large; that because of this, and the exigencies of the matter, this court ought to entertain and determine this cause speedily, and to that end should suspend its Rule No. 33 as to the five-day notice therein provided.

"Wherefore, your petitioner, being wholly without other adequate remedy, prays the issuance by this court of a writ of mandamus directing said Board of Election Commissioners, and each member thereof, to place the name of petitioner on the official ballot to be voted at said election as a non-partisan candidate for said office of President of the Board of Aldermen of said city; that, if by the court deemed necessary to the rights of petitioner in the premises, the respondent, Henry C. Menne, as Treasurer aforesaid, be directed to accept and receipt for said sixty-dollar filing fee, which petitioner stands willing and ready to pay under the direction of the court; and petitioner prays for such other and further relief to which by reason of the premises he may be entitled."

Upon the above facts how stands the law? It is obvious that the sole point presented involves the single question of the meaning, when applied to the agreed facts, of Section 6015 of the Act of February 24, 1913, Laws 1913, pp. 337-338, repealing an act which amended Article 11 of Chapter 43, Revised Statutes 1909, and enacted divers new sections in lieu thereof. This section reads thus:

"Any person or persons filing certificates signed by electors for 'non-partisan candidates' as provided in Section 6014a of this act shall pay the same sum of money required by this act to be paid by any candidate of a political party for the office for which he proposes, to the city treasurer, take a receipt therefor and file said receipt with his certificate of nomination; said sum of money so paid shall go into the general revenue fund of the city." [Sec. 6015, Laws 1913, pp. 337-338.]

The sole question at issue may be stated in yet a narrower compass. That question is: Does Section 6015 of the act supra, above quoted, absolutely require as a condition precedent to the placing by the Board of Election Commissioners of the name of a proposed non-partisan candidate on the official ballot, that the receipt of the City Treasurer for the deposit of the sum of sixty dollars shall be filed *along with, and contemporaneously* with the certificate of nomination of such proposed candidate?

We have concluded that is does not. The affirmative of the question stated and presented by the facts here at issue would in our opinion and in the light of the language of the above section be too narrow a view to take of the meaning of that section. Such a view would inevitably restrict and circumscribe the right of a citizen to be a candidate for office within such limits and hedge the privilege about with such conditions as materially to impinge upon the guarantee of the Constitution that "all elections shall be free and open" [Section 9, Article 2, Constitution 1875.] It will be noted that the statute uses the word "with" only, without qualifying this word by the word "contemporaneously" or other similar word connoting, or importing, simultaneity of filing of both the receipt for the deposit and the certificate of nomination. Clearly, the language used imports and requires the filing of this receipt at the same place and with the same officer with whom such certificate of nomination is filed. We may go further and concede that it requires, *no compelling reason or valid excuse to the contrary existing,* the filing of the receipt contemporaneously with the filing of the certificate of nomination; but as forecast the application of such latter iron-bound rule in all cases would so far work a hardship and a denial of free and open elections as to impinge upon constitutional rights. A brief reference to the agreed facts illustrates this: Here, petitioner endeavored to pay the required deposit fee of sixty dollars to the proper officer, that is to say, to

respondent Menne as Treasurer of the City of St. Louis, on the last day allowed to him by the letter of the law within which to make such payment, and likewise endeavored to obtain from such Treasurer the required receipt therefor. But petitioner was unable to make such payment on that specific day, solely because he was unable to find either in his office or elsewhere about the city, the only officer to whom by law such payment could be made. It will be observed that this payment can be made, perforce the statute under discussion, only to the Treasurer of the City of St. Louis in person, and that the receipt of this officer..is made the sole evidence of the payment of such deposit. Pursuing the facts further, it will be observed that on the day following the last day on which the letter of the applicatory statute permitted the filing of certificates of nomination, the petitioner made a tender of the required deposit fee to the respondent Menne as City Treasurer and requested from the latter the proper receipt therefor, which request was refused solely because such tender was by respondent Menne deemed to be out of time.

It is manifest that any eligible candidate for office is entitled to the whole of the last day allowed by law within which to submit himself to the electors for their suffrages. In a case like this, where the proposed candidate is in no wise at fault (the argument that he should have made up his mind earlier obviously having no weight, by reason of the truth of the premise last above) ought he to be deprived of the privilege of running for a public office by the mere adventitious fact of the absence from his office, or from the city, or from the state, of the only officer from whom the required official receipt can under the letter of the law be obtained? The Treasurer might be ill, or a case can be imagined where the death of the Treasurer might occur on the last day for filing prescribed by the letter of the statute, and wherein it would be impossible to appoint his

277 Mo.—31

successor in time to have such successor accept the required deposit and issue the required receipt therefor.

In such case, the untrammeled constitutional privilege of all eligible persons to become candidates for office requires us—if we are to escape holding this statute invalid for that it contravenes the spirit and the letter of the Constitution in denying this privilege—to say that if the proposal candidate be in no wise in default, and the death of the Treasurer, or the latter's illness, or his absence from his office, from the city, or from the State, shall prevent the making of the required deposit and the obtention of the required receipt on the day prescribed by the letter of the statute, all that should be required is the earliest possible payment and obtention and filing thereafter of such receipt; *provided, such filing of the receipt shall be in time to allow of the performance by the Board of Election Comissioners of the very first of the ensuing duties incumbent upon them by law.* The fair, just and equitable construction by this court of the election laws and machinery of this State in the analagous cases of Nance v. Kearbey, 251 Mo. 374, and State ex rel. v. Seibel, 262 Mo. 220, ruled by this court in opinions by LAMM, C. J., requires such a construction of this statute at our hands. The demurrer should be overruled.

It follows that the contention of petitioner should be sustained, and our peremptory writ of mandamus should issue as prayed. Let this be done. *Bond, C. J., Walker, Blair* and *Woodson, JJ.,* concur.