Dear Mr. McHenry:
This letter is in response to your question asking:
 "Which of two (2) candidates for the same county office and of the same political party should be placed first on the ballot: the candidate who files the declaration of his candidacy first but who does not obtain, file or exhibit a receipt from the Treasurer of the County central committee of the political party upon whose ticket he seeks nomination (as required by Section 120.350 RSMo 1969 [sic]) until after a second candidate for the same county office and of the same political party has filed both his declaration of candidacy and the receipt from the Treasurer of the County central committee or the said second candidate?"
You also state:
 "On August 31, 1977, at 9:15 a.m., Howard L. McFadden filed his declaration of candidacy for Democratic nomination for Prosecuting Attorney of Cole County. At the time that this declaration of candidacy was filed, no receipt from the Treasurer of the County Democratic Committee was presented, exhibited or filed. No presentation was made by McFadden that he had previously obtained such a receipt.
 "At 9:35 a.m., on August 31, 1977, Thomas J. Brown III filed his declaration of candidacy for the Democratic nomination for Prosecuting Attorney of Cole County. At the same time, Brown filed a receipt from the Treasurer of the County Democratic Committee indicating that he had paid Twenty-five dollars ($25.00) to the said treasurer as required by Section 120.350 RSMo 1935 [sic].
 "Later, on the afternoon of August 31, 1977, McFadden returned to the County Clerk's office and filed a receipt which had been obtained that day from the Treasurer of the County Democratic Committee."
You have referred to Section 120.350, RSMo. Such section has been repealed by the Comprehensive Election Act of 1977 (H.B. No. 101, 79th General Assembly, Chapter 115, V.A.M.S.) Section115.357, V.A.M.S. contains similar provisions, however, and provides that such a candidate, before filing his declaration of candidacy, must pay to the treasurer of the county committee of the political party upon whose ticket he seeks nomination the sum of $25.00 or must pay to the officer accepting his declaration of candidacy such amount.
Subsection 5 of Section 115.357 also provides that, except as otherwise provided in such subsection, no candidate's name shall be printed on any official ballot unless the required fee has been paid.
Section 115.395, V.A.M.S., provides that such candidates, at the primary election, shall have their names appear for such office in the order in which they are filed.
We enclose our Opinions No. 37, dated June 4, 1954 to Hamilton; No. 100, dated February 13, 1964, to Schellhorn; and No. 99, dated May 12, 1944, to Woodward. Such opinions are self-explanatory. We also refer you to State ex rel. Dodd et al. v.Dye, 163 S.W.2d 1055 (Spr.Ct.App. 1942), and State ex rel. Hallerv. Arnold, 210 S.W. 374 (Mo.Banc 1919).
We note also that the repealed section, Section 120.350, provided that the candidate shall take a receipt for the fee and file the receipt with his declaration of candidacy. On the other hand, subsection 2 of Section 115.357 provides that: "The required sum may be submitted by the candidate to the official accepting his declaration of candidacy", but does not require the filing of a receipt. Further, we are unable to locate any provision in the new election law which requires the filing of a receipt in such a case. The legal reasoning previously employed by the courts with respect to filing receipts would however, in our view, be applicable to the present provisions.
Under the holdings of the above opinions we believe that the requirement of subsection 1 of Section 115.357 that the candidate pay the treasurer of the county committee the required amount before filing his declaration of candidacy is directory and not mandatory in the sense that the payment of the fee, as in this instance, directly after filing such declaration would not, in our view, invalidate the filing or change the time of the filing. It was said in Elliott v. Hogan, 315 S.W.2d 840 (St.L. Ct.App. 1958) that strictly speaking all laws are mandatory in the sense that they are enacted to be observed and obeyed, however, distinctions have been made in decisions involving election laws between results which followed in violation of statutes held to be mandatory and the consequences of a breach of a statute held to be directory.
We thus conclude, under the facts that you have submitted, that Mr. McFadden would be entitled to have his name appear first on the ballot.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 37, 6/4/54, Hamilton
 Op. No. 100, 2/13/64, Schellhorn
 Op. No. 99 5/12/44, Woodward