**Eileen Davis YOUNG, in her Official Capacity as City Clerk of the City of Berkeley, Missouri, and Theodore Hoskins, Louvenia Mathison, Marion Robinson, Judy Shaw, Kenneth McClendon, Nina Schaefer, and Babtunde Dienbo, in their Official Capacities as Council Members for the City of Berkeley, Missouri, Relators,**

v.

**Honorable Michael GODFREY, Jr., Senior Circuit Judge Twenty–First Judicial Circuit of Missouri, Respondent.**

No. 74024.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

March 23, 1998.

Elbert A. Walton, Jr., St. Louis, for relator.

Richard A. Berry, II, Law Offices of Rick Berry, II, St. Louis, for respondent.

CRANE, Presiding Judge.

Relators seek to prohibit enforcement of an order of Respondent to the Board of Election Commissioners of St. Louis County to include on the April 7, 1998 ballot a recall election for the Mayor of the City of Berkeley. Relators have no adequate remedy by way of appeal to challenge Respondent's order. The Court has received and considered the petition, suggestions in support of the petition, and copies of the preliminary order in mandamus, response thereto, and judgment in the circuit court. The Court, being fully advised in the premises, dispenses with all further procedure in the matter in the interest of justice. Rule 84.24(j).

Relators argue that Section 115.125.2, as amended in 1997 by Senate Bill No.132, required the election authority to be notified not later than the sixth Tuesday before the election, that is February 24, 1998, of a court-ordered election. They further argue that, because the court did not order this recall election to be added to the ballot until March 2, 1998, the mandatory notification was not timely made. *See State ex rel. Referendum Petitioners Committee Regarding Ordinance # 4639 v. Lasky,* 932 S.W.2d 392 (Mo. banc 1996).

Respondent agrees that notice was required to be given by February 24, 1998, but argues that notification was made prior to that time by the preliminary order in mandamus, issued January 21, 1998, which ordered relators to notice for election for April 7, 1998 the recall of the Mayor of the City of Berkeley and certify the ballot issue to the Board of Election Commissioners. Relators refused to comply with this order except to file a response.

The purpose of a preliminary order in mandamus is to order a respondent to file an answer within the time fixed by the order. Rule 94.05. It cannot be used to compel the

substantive relief sought. Respondent in this matter could not order Relators to notice a matter for election by a preliminary order in mandamus. The final judgment on the petition for writ of mandamus, which ordered the Board of Election Commissioners to include the recall election on the April 7 ballot, was not entered until March 2, 1998 and thus not six Tuesdays before the April 7, 1998 election as required by Section 115.125.2 for a court order directing notification. The provisions of Section 115.125 are mandatory. *Lasky,* 932 S.W.2d at 392.

Peremptory Writ of Prohibition is issued. Respondent is directed to set aside his judgment of March 2, 1998 and reenter a judgment which orders a recall election which complies with Section 115.125 calculated from the date of the judgment and not the date of the preliminary order in mandamus. The Board of Election Commissioners is directed to remove the recall of Theodore Hoskins from the April 7, 1998 ballot.

PUDLOWSKI and ROBERT G. DOWD, Jr., JJ. concur.