Rick ARMSTRONG, Appellant,

v.

Joan ELMORE, in her capacity as Adair County Clerk, Respondent.

No. WD 55655.

Missouri Court of Appeals, Western District.

Feb. 16, 1999.

Randall Brown, Columbia, for appellant.

John Jay Benson, Kirksville, for respondent.

Before ULRICH, P.J.;
LOWENSTEIN, J. and ELLIS, J.

### ROBERT G. ULRICH, P.J.

Rick Armstrong, a citizen, registered voter and taxpayer of Adair County, appeals the trial court's grant of summary judgment in favor of Joan Elmore, in her capacity as the Adair County Clerk. Mr. Armstrong sought a writ of mandamus in the trial court to compel the County Clerk to place on the April 7, 1998 "municipal election" ballot a question regarding the repeal of an existing sales tax, the proceeds of which were designated to benefit law enforcement services and to fund the expansion of the county's detention center or possibly to construct a new facility. Mr. Armstrong claims on appeal that the trial court erred in granting the County Clerk's motion for summary judgment[1] because Article III, section 49 of the Missouri Constitution and section 67.582, RSMo 1994, provide that a law enforcement sales tax passed under section 67.582 may be repealable by ballot initiative. Because the controversy is moot, the appeal is dismissed.

In 1997, numerous residents of Adair County, who opposed the decision by Adair County officials to build a new jail facility near Kirksville's public schools, circulated a petition to obtain signatures of registered voters of the county to submit to the County Clerk a proposed ballot question regarding the repeal of a county law enforcement sales tax. The proposed ballot question stated:

> Shall the County of Adair repeal the existing county wide law sales tax of one-half of one percent (.005) adopted for the purpose of providing law enforcement services and for future expansion of the detention center for the County?

Rick Armstrong, the appellant, delivered to the County Clerk the petition consisting of 219 pages and containing 1,927 signatures on December 24, 1997. The County Clerk acknowledged receipt of the petition without verifying the signatures. Mr. Armstrong subsequently notified the County Clerk that the petition contained four duplicate pages and that the petition actually contained 1,906 signatures on 215 pages. The County Clerk hand-delivered a letter to Mr. Armstrong on January 22, 1998, stating, "the Petition presented does not legally authorize the County Clerk to place the issue presented on the April 7, 1998 ballot. Accordingly, there is no reason for verifying the signatures contained in said Petition."

Mr. Armstrong filed a petition for writ of mandamus in the circuit court on January 27, 1998. The petition sought the court's writ of mandamus ordering the County Clerk to place the question for repeal of the law enforcement sales tax on the ballot for the general municipal election to be held on April 7, 1998. Thereafter, the County Clerk filed a motion for summary judgment arguing that "no provision of law would mandate that the [County Clerk] place the question of repeal of the law enforcement sales tax on the April 7, 1998 ballot in response to the direction of [Mr. Armstrong] and others by initiative Petition." The trial court granted the

---

1. The trial court's grant of summary judgment in favor of the County Clerk was, in effect, a judgment denying the writ of mandamus.

County Clerk's motion for summary judgment on February 17, 1998. Mr. Armstrong appealed the trial court's judgment to the Missouri Supreme Court. Thereafter, the case was transferred to this court.

On appeal, Mr. Armstrong claims that the trial court erred in granting the County Clerk's motion for summary judgment because Article III, section 49 of the Missouri Constitution and section 67.582, RSMo 1994, provide that a law enforcement sales tax passed under section 67.582 is repealable by ballot initiative. A threshold question in any appellate review of a controversy is the mootness of the controversy. *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo. App. W.D.1998). Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte. Id.* In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy. *Id.; State ex rel. Missouri Cable Television Ass'n v. Missouri Public Serv. Comm'n,* 917 S.W.2d 650, 652 (Mo.App. W.D.1996). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *State ex rel. Wilson v. Murray,* 955 S.W.2d 811, 812–813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. *Chastain,* 968 S.W.2d at 237. "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." *Gilroy–Sims and Assoc. v. City of St. Louis,* 697 S.W.2d 567, 569 (Mo.App. E.D.1985).

Mr. Armstrong sought a writ of mandamus from the trial court to compel the County Clerk to place the question for repeal of the law enforcement sales tax on the ballot for the general municipal election to be held on April 7, 1998. Since the trial court denied Mr. Armstrong's request for writ of mandamus and the case was appealed, the April 7, 1998 municipal election was held. A decision by this court on the issue of whether the County Clerk was mandated to place the question on the April 7, 1998 ballot would, therefore, have no practical effect upon an existent controversy or grant relief to Mr. Armstrong and would merely be an advisory opinion. Appellate courts do not render advisory opinions nor decide non-existent issues. *Missouri Cable Television,* 917 S.W.2d at 652.

The appeal is dismissed as moot.

All concur.