STATE ex rel. Shawn C.
BROWN, Relator,

v.

Rhonda F. SHAW, City Clerk, and
Rich Chrismer, Director of
Elections, Respondents.

Shawn C. Brown, Appellant,

v.

Rhonda F. Shaw, et al., Respondents.

Nos. SC 85845, SC 85846.

Supreme Court of Missouri,
En Banc.

March 31, 2004.

James D. Deutsch, Thomas W. Rynard, Jefferson City, Christopher O. Bauman, St. Louis, for Relator/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen P. Hess, Assistant Attorney General, G. Alex Bartlett, Jefferson City, W. Randy Weber, V. Scott Williams, Joann M. Leykam, St. Charles, for Respondents.

PER CURIAM.

Shawn Brown filed on December 16, 2003, his notice of his intention to run for the office of mayor of St. Peters in the election of April 6, 2004. On the last day to file, January 20, 2004, at approximately ten minutes before the close of filings, the city clerk informed Brown that he would not be listed as a candidate on the ballot.

The clerk concluded Brown was disqualified for failing to pay his real estate taxes as required by section 115.346.[1] Section 115.346 provides that "no person shall be certified as a candidate for a municipal office, nor shall such person's name appear on the ballot as a candidate for such office, who shall be in arrears for any unpaid city taxes or municipal user fees on the last day to file a declaration of candidacy for the office."

Brown filed suit in the circuit court. He also sought relief by petition for writ of mandamus in this Court. This Court, on February 24, 2004, ordered that Shawn Brown's name be placed on the ballot for the April 6, 2004, election until further order of the Court. Brown's action in the circuit court for relief was denied, and judgment was entered.

This Court has jurisdiction of the writ proceeding. In the appeal, as well as in the writ proceeding, Brown challenges the constitutional validity of section 115.346. This Court has jurisdiction of the writ proceeding pursuant to article V, sec. 4, and has exclusive appellate jurisdiction in the appeal under article V, sec. 3.

This Court resolves the issues in these proceedings in Brown's favor by statutory interpretation and does not reach the constitutional issue.

The statute applies by its terms to a person seeking to be a candidate who is "in arrears" for unpaid city taxes or fees. Brown pays money each month to his mortgage company for an escrow account to pay real estate taxes that are due on the last day of each year. Section 443.453 requires financial institutions that are "mortgage servicers" to "pay property tax obligations which they service from escrow accounts ... in one annual payment before the first day of January of the year following the year for which the tax is levied." Thus, Brown's mortgage company had a statutory duty to pay the taxes from Brown's escrow account.

In these circumstances, it is the mortgage company that is "in arrears," not Brown. Although Brown's city taxes were in fact unpaid on the last day of filing, he had fulfilled his contractual obligation to the mortgage company and could not be considered "in arrears" for the purposes of section 115.346 where the mortgage company failed to obey its statutory obligation.

While section 115.346 appears to impose absolute liability on the taxpayer seeking public office, statutes imposing qualifications for filing for office have previously been interpreted to allow for an exception. *See, e.g., State ex rel. Haller v.*

1. All references are to RSMo 2000 unless otherwise indicated.

*Arnold,* 277 Mo. 474, 210 S.W. 374 (banc 1919), and *State ex rel. Neu v. Waechter,* 332 Mo. 574, 58 S.W.2d 971 (banc 1933). Statutes that regulate access to the ballot are to be construed, if possible, to prevent disqualification of candidates. *State ex inf. Mitchell v. Heath,* 345 Mo. 226, 132 S.W.2d 1001, 1004 (1939).

 Shawn Brown's name has been on the ballot for mayor of St. Peters since this Court's order of February 24, 2004. The city clerk, however, challenges the authority of the Court to grant such relief. The relief was granted six weeks prior to the election pursuant to timely petitions filed in the circuit court and this Court by Brown. After the city clerk disqualified Brown from the ballot, judicial relief, such as the proceedings Brown has initiated, is the only means to redress the city clerk's refusal to place him on the ballot.[2]

This Court's alternative writ is made peremptory.

The judgment of the circuit court denying relief is reversed.

All concur.

---

**2.** To the extent that *Young v. Godfrey,* 966 S.W.2d 331 (Mo.App.1998), suggests otherwise, it should not be followed. After the six-week deadline of section 115.125.2, judicial relief is limited to an election contest. That section does not prohibit the relief granted here. *See generally, State ex rel. Referendum Petitioners Committee Regarding Ordinance # 4639 v. Lasky,* 932 S.W.2d 392 (Mo. banc 1996).