STATE of Missouri ex rel. Donald DAVIS, Plaintiff/Appellant,

v.

The CITY OF ST. JOHN, et. al, Defendants/Respondents.

No. ED 89414.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 7, 2007.

David J. Moen, Jefferson City, MO, for appellant.

Steven W. Garrett, Clayton, MO, Hardy C. Meness, Kirkwood, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

Donald Davis (Appellant) appeals from a judgment of the Circuit Court of St. Louis County entered February 9, 2007 denying his petition for a writ of mandamus. We dismiss the appeal, because the controversy in question is moot.[1]

" 'A threshold question in any appellate review is the mootness of the controversy.' " *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001) *quoting Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App. W.D.1999). " '[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *Reed,* 41 S.W.3d at 473 *quoting Shelton v. Farr,* 996 S.W.2d 541, 543 (Mo.App. 1999). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Reed,* 41 S.W.3d at 473 *quoting Armstrong,* 990 S.W.2d at 63. " 'When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.' " *Id.*

Appellant filed a petition for writ of mandamus requesting that the circuit court issue an order in mandamus directing the City of St. John (City) to place his name on the ballot as a candidate for mayor in the April 3, 2007 election. Obviously, the date of April 3, 2007 has passed. Therefore, a decision by this Court that the City was mandated to certify Appellant's name to be placed on the April 3, 2007 mayoral ballot could have no effect on

---

1. The Court considered the petition on the merits and thus, the judgment appears appealable. *Delay v. Missouri Board of Proba-* *tion and Parole,* 174 S.W.3d 662, 664 (Mo. App. W.D.2005).

the April 3rd election. *See, Armstrong,* 990 S.W.2d at 64.

■ Moreover, section 115.125, RSMo Cum.Supp.2006, provides that except for the death of a candidate, "[n]o court shall have the authority to order an individual or issue be placed on the ballot less than six weeks before the date of the election." After that time, judicial relief is limited to an election contest. *See, State ex rel. Brown v. Shaw,* 129 S.W.3d 372, 374 n. 2 (Mo. banc 2004). Because we cannot grant any relief to Appellant, his appeal is moot.[2]

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed as moot. Appellant has not filed a response.

The appeal is dismissed as moot.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.

---

**2.** Appellant did not move for expedited review of the appeal. Rule 84.02 gives appellate courts the discretionary power to docket appeals, and we have employed the power to expedite appellate proceedings when delay would threaten to moot an appeal. Appellant not only did not move for expedited review, but failed to order the legal file or transcript until after the election.