**Lewis E. COLE, Appellant,**

v.

**Robin CARNAHAN, et**
**al., Respondents,**

**Zine Vrons, et al., Respondents.**

**No. WD 70082.**

Missouri Court of Appeals,
Western District.

Oct. 31, 2008.

Application for Transfer to Supreme Court
Denied Dec. 23, 2008.

Application for Transfer Denied
Jan. 27, 2009.

Randall M. England, Jefferson City, MO, for Appellant.

Paul Campbell Wilson, Jefferson City, MO, for Respondents Carnahan and Montee.

Tina M. Crow Halcomb, Jefferson City, MO, for Respondents Vrons, Blakley and Colby.

Before VICTOR C. HOWARD, P.J., RONALD HOLLIGER, Judge and JAMES WELSH, Judge.

VICTOR C. HOWARD, Presiding Judge.

Lewis Cole appeals from the judgment of the Cole County Circuit Court declaring valid the summary statement and the fiscal note summary of the official ballot title for an initiative petition for the Quality Home Care Act. Mr. Lewis contends that the summaries are insufficient and unfair. Because granting effectual relief is impossible in this case, the appeal is dismissed.

On January 17, 2008, Missourians for Quality Home Care submitted to the Secretary of State a proposed initiative petition for the "Quality Home Care Act."

After the Attorney General approved the petition as to form, the Secretary of State prepared a summary statement of the initiative. Thereafter, the State Auditor prepared a fiscal note and drafted a fiscal note summary, which were also approved by the Attorney General as to form. On February 21, 2008, the Secretary of State certified the official ballot title, which consisted of the summary statement and fiscal note summary.

On February 29, 2008, Mr. Cole filed a petition under section 116.190, RSMo Cum. Supp.2007, challenging the official ballot title. He asserted that the summary statement and the fiscal note summary were "misleading, insufficient, and unfair." Mr. Cole asked the trial court to find the summary statement and fiscal note summary invalid and to certify new summaries to the Secretary of State.

On April 15, 2008, several citizens who had signed the petition and who are recipients of home health care services moved to intervene in the case to defend the ballot title. The trial court granted the motion to intervene on May 6, 2008. Mr. Lewis filed a motion for summary judgment on June 13, 2008. The State Defendants responded and filed a motion for judgment of the pleadings. The Intervenor Defendants also moved for judgment on the pleadings. The trial court entered its judgment on August 21, 2008, declaring the summary statement and fiscal note summary valid. This appeal by Mr. Cole followed.

In his three points on appeal, Mr. Cole challenges the trial court's judgment declaring valid the summary statement and the fiscal note summary. He asserts that the summaries are insufficient and unfair for various reasons.

Section 116.190, RSMo Cum.Supp.2007, provides a means for citizens to challenge, in circuit court, the language of an official ballot title or fiscal note. *Overfelt v.*

*McCaskill,* 81 S.W.3d 732, 736 (Mo.App. W.D.2002) (quoting *Bergman v. Mills,* 988 S.W.2d 84, 90 n. 4 (Mo.App. W.D.1999)). The party challenging the official ballot title has the burden of showing why the summary statement, fiscal note, or fiscal note summary is insufficient or unfair. § 116.190.3; *Cures Without Cloning v. Pund,* 259 S.W.3d 76, 81 (Mo.App. W.D. 2008). If this requirement is met, the plaintiff is entitled to a "different summary statement." § 116.190.3. *See also Cures Without Cloning,* 259 S.W.3d at 81.

■ Mr. Cole filed this action under section 116.190 asking the trial court to find the summaries invalid and to certify new summaries to the Secretary of State. On appeal, Mr. Cole asks this court to find that the summaries are insufficient and unfair and to direct the Secretary of State to remove the initiative from the November 2008 ballot. Alternatively, he asks that the act be declared null and void if the voters ultimately approve it. The relief Mr. Cole requests on appeal is different from that requested at trial. "A point not raised in the trial court may not be raised on appeal, and a party cannot request relief on appeal not sought in the trial court." *Bunting v. McDonnell Aircraft Corp.,* 522 S.W.2d 161, 168 (Mo. banc 1975). *See also Brizendine v. Conrad,* 71 S.W.3d 587, 593 (Mo. banc 2002); *Gilliam v. Chicago & N.W. Transp. Co.,* 859 S.W.2d 155, 162 n. 2 (Mo.App. W.D.1993).

■ More importantly, however, section 116.190 does not provide the relief Mr. Cole now seeks. "Section 116.190 allows the trial court to correct any insufficient or unfair language of the ballot title and to certify the corrected official ballot title to the secretary of state." *Overfelt,* 81 S.W.3d at 736. *See also Missourians to Protect the Initiative Process v. Blunt,* 799 S.W.2d 824, 829 (Mo. banc 1990) ("If the

ballot title challenge is timely filed, the court is authorized to do no more than certify a correct ballot title."). The statute also allows the trial court to remand the fiscal note or the fiscal note summary to the Auditor for preparation of a new fiscal note or fiscal note summary. § 116.190.4. These are the exclusive remedies allowed under the statute. § 116.190.4; *Overfelt*, 81 S.W.3d at 736. *See also Cures Without Cloning*, 259 S.W.3d at 83 (section 116.190.4 does not authorize the circuit court to remand the summary statement to the Secretary of State for rewriting the portions that cannot be certified). "In carving out [these remedies], the legislature apparently weighed the interests of the citizenry in getting ballot initiatives on the ballot in a timely fashion against the interests of those opposing the language to be utilized on the official ballot title." *Overfelt*, 81 S.W.3d at 736 n. 3. No provisions exist in section 116.190 for removal of the initiative from the ballot or for a prospective, hypothetical declaration of the act null and void (if ultimately passed by the voters).[1] This court cannot, therefore, grant the alternative remedies sought by Mr. Cole.

Furthermore, even if Mr. Cole met his burden of showing that the summaries were insufficient or unfair, the remedy allowed under section 116.190 could not be effectually granted. Section 115.125.2, RSMo Cum.Supp.2007, provides that except for the death of a candidate, "[n]o court shall have the authority to order an individual or issue be placed on the ballot less than six weeks before the date of the election." *See State ex rel. Nixon v. Blunt*, 135 S.W.3d 416, 419–20 (Mo. banc 2004) (courts are not free to give authority to make changes in the ballot less than six

weeks before the election). "The provisions of section 115.125 are mandatory, not directory." *State ex rel. Referendum Petitioners Comm. Regarding Ordinance No. 4639 v. Lasky*, 932 S.W.2d 392 (Mo. banc 1996). After the six-week deadline, judicial relief is limited to an election contest. *State ex rel. Brown v. Shaw*, 129 S.W.3d 372, 374 n. 2 (Mo. banc 2004); *State ex rel. Davis v. City of St. John*, 230 S.W.3d 351, 353 (Mo.App. E.D.2007). This case was submitted to this court for review less than six weeks before the November 4, 2008 general election. At this time, the trial court's certification of a corrected official ballot title to the Secretary of State for her certification of the legal notice to election authorities under section 116.240, RSMo 2000, is prohibited by section 115.125.2. Because the trial court has no authority to place an issue on the ballot less than six weeks before the election, a decision by this court on the merits would not have any practical effect on any existing controversy and would be merely an advisory opinion. A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001); *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). "Appellate courts do not render advisory opinions nor decide non-existent issues." *Armstrong*, 990 S.W.2d at 64. The appeal is dismissed.

WELSH, J., concurs.

HOLLIGER, J., concurs in separate concurring opinion.

---

1. This opinion does not address whether Mr. Cole may have any other remedies available

post election.

RONALD R. HOLLIGER, Judge, concurring.

I concur in the result dismissing this appeal. The appellant has requested relief in this court that he did not seek in the trial court. And, in fact, that is the only relief he now requests. I believe it is an open question as to whether a successful proposition at an election can be challenged post election because of an improper ballot summary. To the extent that the opinion herein would suggest that such relief might not be available I believe that it is unnecessary and dicta. Appellant did not seek such a post election invalidation in the trial court and his appeal is properly dismissed because we cannot grant the relief he actually requested.