

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

LAURA REEVES,                     )

                         )

                 **Respondent,**   )

                         )

**v.**                             )

                         )

                         )    **WD78559**

**JASON KANDER and JOHN WATSON,**   )

                         )    **OPINION FILED:**

           **Respondents,**   )    **June 9, 2015**

                         )

**and**                          )

                         )

**RETURNING GOVERNMENT TO THE**   )

**PEOPLE and TODD S. JONES,**    )

                         )

               **Appellants.**   )

---

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Special Division:** Karen King Mitchell, Presiding Judge, and
Gary D. Witt and Anthony Rex Gabbert, Judges

Intervenors, Todd S. Jones and Returning Government to the People (collectively "Jones"), appeal the judgment of the Circuit Court of Cole County, which held that Initiative Petition 2016-007 ("the Initiative") violated the Missouri Constitution and ordered that it not appear on the ballot. Because the claims were not ripe for review by the trial court, we reverse.

**Facts**

On December 2, 2014, Jones presented the Initiative, which contains proposed amendments to Article VIII of the Missouri Constitution related to campaign finance reform, to the Secretary of State. The Secretary certified the following ballot title:

Shall the Missouri Constitution be amended to:

establish limits on campaign contributions by individuals or entities to political parties, political committees, or committees to elect candidates for state or judicial office;

prohibit individuals and entities from intentionally concealing the source of such contributions;

require corporations or labor organizations to meet certain requirements in order to make such contributions; and

provide a complaint process and penalties for any violations of this amendment?

It is estimated this proposal will increase state government costs by at least $118,000 annually and have an unknown change in costs for local governmental entities. Any potential impact to revenues for state and local governmental entities is unknown.

Jones has not begun collecting signatures to place the Petition on the ballot, and the Secretary has therefore not "certifie[d the Initiative] as sufficient or insufficient" for inclusion on the ballot. Plaintiff Laura Reeves, an opponent of the Initiative, filed a petition challenging the ballot title for the Initiative, pursuant to section 116.190, and asserting constitutional claims against the Initiative itself.

The trial court denied Reeves's challenges to the ballot title, but held that paragraph 23.3(12) of the Initiative violated the First Amendment to the United States Constitution, and that the Initiative impermissibly amended multiple articles of the Missouri Constitution in violation of Article III, section 50. The court then held that no provision may be

2

severed from an initiative petition in a pre-election challenge, and that the Initiative was therefore invalid in its entirety. Jones timely appealed.[1]

**Standard of Review**

The parties stipulated to the facts relevant to the issues being addressed on appeal. "Therefore, '[t]he only question before us is whether the trial court made the proper legal conclusions from the stipulated facts.'" *Kuehner v. Kander*, 442 S.W.3d 224, 228 (Mo. App. W.D. 2014) (quoting *Knight v. Carnahan*, 282 S.W.3d 9, 15 (Mo. App. W.D. 2009)).

Our review is further shaped by the fact "'that at no place in either the Missouri Constitution or in the implementing statutes is any court granted the power to enjoin an amendment from being placed on the ballot upon the ground that it would be unconstitutional if passed and adopted by the voters.'" *Id.* (quoting *Buchanan v. Kirkpatrick*, 615 S.W.2d 6, 12 (Mo. banc 1981)). "Moreover, when a court is 'called upon to intervene in the initiative process, [it] must act with restraint, trepidation[,] and a healthy suspicion of the partisan who would use the judiciary to prevent the initiative process from taking its course.'" *Id.* (quoting *Brown v. Carnahan*, 370 S.W.3d 637, 645 (Mo. banc 2012)). "Nothing in our constitution so closely models participatory democracy in its pure form. Through the initiative process, those who have no access to or influence with elected representatives may take their cause directly to the people." *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 827 (Mo. banc 1990).

---

[1] We have jurisdiction despite the allegations of unconstitutionality asserted in this case. Article V, section 3, of the Missouri Constitution vests "exclusive appellate jurisdiction in all cases involving the validity . . . of a statute or provision of the constitution of this state," with the Supreme Court. Because this case presents only a challenge to the constitutionality of a *proposed* constitutional amendment, jurisdiction lies with this court. *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 826, 826 n.1 (Mo. banc 1990).

**Analysis**

On appeal, Jones argues that the circuit court erred in declaring the Initiative unconstitutional because: (1) the challenge to the Initiative on the grounds that it violates the First Amendment is not ripe in that, to be ripe before the election, an alleged constitutional violation must be so obvious as to constitute a matter of form, which this alleged violation is not; (2) the First Amendment challenge pursued by Reeves affects only a narrow group of entities as a result of a single sub-paragraph of the Initiative, and the Initiative contains a severability clause, thus the circuit court should not have held that the Initiative as a whole was facially unconstitutional; and (3) the Initiative amends only Article VIII of the Missouri Constitution, and any incidental effects on other articles of the Constitution are insufficient to hold that the Initiative amends multiple articles of the Constitution in violation of Article III, section 50.

Before reaching Jones's substantive arguments, we first consider whether they are ripe for review before the Initiative has been certified for the ballot by the Secretary. "Ripeness is a 'tool' of the court, which is used to determine whether a controversy is 'ripe' or ready for judicial review, or whether by conducting the review, we would simply be rendering an advisory opinion on some future set of circumstances, which we are not permitted to do." *Local 781 Int'l Ass'n of Fire Fighters, AFL–CIO v. City of Independence*, 947 S.W.2d 456, 461 (Mo. App. W.D. 1997). A review for ripeness is therefore appropriate even where, as here, "[n]either party has raised the [specific] issue of ripeness" upon which we rely, on appeal. *Mo. Retired Teachers Found. v. Estes*, 323 S.W.3d 100, 104 n.8 (Mo. App. W.D. 2010).

4

## I. Reeves's Multiple Article Claim is not Ripe.

Our Supreme Court has already determined that a claim that an initiative petition contains multiple subjects, in violation of Article III, section 50, is not ripe before the Secretary determines whether to certify the initiative for inclusion on the ballot.

Reeves brought this challenge under section 116.190, which authorizes a court "to do no more than certify a correct ballot title." *Missourians to Protect the Initiative Process*, 799 S.W.2d at 829. Section 116.190.1 requires an action challenging the fairness and sufficiency of a ballot title to be brought within ten days of the certification of the official ballot title by the Secretary; thus, before an initiative is circulated for signatures. Presumably, this challenge is allowed to proceed early in the process because the title, as certified by the Secretary, is used during circulation. § 116.180 ("Persons circulating the petition shall affix the official ballot title to each page of the petition prior to circulation and signatures shall not be counted if the official ballot title is not affixed to the page containing such signatures."). But "[s]ection 116.190 does not authorize a review as to whether the constitutional prerequisites [of Article III, section 50] have been met." *Missourians to Protect the Initiative Process*, 799 S.W.2d at 829. Rather, the remedy for a multiple article challenge "is found under § 116.200." *Id*. "Any controversy as to whether the prerequisites of [A]rticle III, [section] 50 have been met is ripe for judicial determination when the Secretary of State makes a decision to submit, or refuse to submit, an initiative issue to the voters," *id*. at 828, which he has not yet done in this case. Although it is doubtful that either the passage of time or the gathering of signatures will change the relative merits of Reeves's claim, courts simply may not review a claim that is not ripe. Accordingly, the trial court erred in reviewing Reeves's claim that the Initiative amends multiple articles of the Missouri Constitution.

**II.    Reeves's Claim that the Initiative is Facially Unconstitutional is not Ripe.**

Similarly, we conclude that Reeves's challenge to the facial constitutionality of the Initiative on First Amendment grounds is not ripe.

There can no longer be any doubt that "Missouri law authorizes courts to conduct pre-election review of the facial constitutionality of an initiative petition." *City of Kansas City v. Chastain*, 420 S.W.3d 550, 554 (Mo. banc 2014). While courts will generally not "give advisory opinions as to whether a particular proposal would, *if adopted,* violate some superseding fundamental law, such as the United States Constitution," *Missourians to Protect the Initiative Process*, 799 S.W.2d at 827, "precedent does grant us some discretion to review allegations that an initiative is facially unconstitutional." *Knight*, 282 S.W.3d at 21. "This exception [to the prohibition against pre-election review] comes into play where the constitutional violation in a proposed measure is so obvious as to constitute a matter of form." *Id.*; *United Gamefowl Breeders Ass'n of Missouri v. Nixon*, 19 S.W.3d 137, 139 (Mo. banc 2000) (prior to the election, the judiciary will only review "those threshold issues that affect the integrity of the election itself, and that are so clear as to constitute a matter of form.").

Pre-election review for facial unconstitutionality has been referred to as an "exception[] to the general rule" that pre-election disputes are not ripe. *State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos*, 35 S.W.3d 457, 468 (Mo. App. E.D. 2000). And Missouri courts have reviewed these challenges on a number of occasions—*following* a final determination by the election authority as to whether to certify the initiative for the ballot. *See id.* at 463, 468 (upholding election authority's decision not to place a facially unconstitutional initiative petition on the ballot); *Knight*, 282 S.W.3d at 14, 22 (dismissing as "debatable" claims that an initiative petition was facially unconstitutional after proponents had gathered sufficient signatures and

6

Secretary of State had certified it to appear on the ballot); *Chastain*, 420 S.W.3d at 554 (reviewing initiative petition for facial unconstitutionality after city refused to place it on the ballot). But we are unaware of any decision in which such review has occurred where, as here, sufficient signatures have not been collected and the Secretary has not decided whether to place the Initiative on the ballot.

As noted above, this action was brought under section 116.190, within ten days of the certification of the ballot title and before circulation. As with Reeves's multiple article challenge, "section 116.190 does not provide the relief [Reeves] now seeks," i.e., a finding that the Initiative is unconstitutional and should be removed from the ballot. *Cole v. Carnahan*, 272 S.W.3d 392, 394 (Mo. App. W.D. 2008). "'Section 116.190 allows the trial court to correct any insufficient or unfair language of the ballot title and to certify the corrected official ballot title to the secretary of state' [or] . . . to remand the fiscal note or the fiscal note summary to the Auditor for preparation of a new fiscal note or fiscal note summary."[2] *Id*. at 394-95 (quoting *Overfelt v. McCaskill*, 81 S.W.3d 732, 736 (Mo. App. W.D. 2002)). "These are the exclusive remedies allowed under the statute." *Id*. at 395. "'In carving out [these remedies], the legislature apparently weighed the interests of the citizenry in getting ballot initiatives on the ballot in a timely fashion against the interests of those opposing the language to be utilized on the official ballot title.'" *Id*. (quoting *Overfelt*, 81 S.W.3d at 736 n.3).

It makes perfect sense that the election statutes should provide for immediate review of the adequacy of the ballot title, which will be attached to the Initiative when signatures are gathered and presumably used by citizens to determine whether they will sign the petition. § 116.180. But a decision as to the ultimate *validity* of the Initiative carries no such immediate

---

[2] Reeves has not appealed the trial court's determination that the ballot title and fiscal note are fair and sufficient.

7

concern. At this stage, an opinion as to the substantive constitutionality of the Initiative would be advisory, especially given the small chance that a given petition will actually reach the voters.[3] While both parties agree that it would be helpful to know whether the initiative is constitutional before the proponents undertake the significant effort and expense necessary to get the required signatures, "[n]o provisions exist in section 116.190 for removal of the initiative from the ballot or for a prospective, hypothetical declaration of the act null and void (if ultimately passed by the voters)," *Cole*, 272 S.W.3d at 395, and to grant such relief at this juncture would be contrary to the general prohibition on advisory opinions. *Pinkowski v. Washington Univ.*, 451 S.W.3d 354, 358 (Mo. App. E.D. 2014) ("It is well-settled that appellate courts do not render advisory opinions or determine speculative issues for the benefit of other cases arising in the future . . . ." (internal citations omitted)); *State ex inf. Danforth v. Cason*, 507 S.W.2d 405, 418 (Mo. banc 1973) ("[W]e do not render advisory opinions[.]"); *State ex rel. Mo. Pub. Serv. Co. v. Elliott*, 434 S.W.2d 532, 536 (Mo. banc 1968) ("[T]he Court does not render advisory opinions."); *Harris v. Consolid. Sch. Dist. No. 8 C, Dunklin Cnty.*, 328 S.W.2d 646, 654 (Mo. banc 1959) ("An advisory decree upon hypothetical facts is improper.").

The remedy that Reeves seeks is not available until "the Secretary of State makes a decision to submit, or refuse to submit, an initiative issue to the voters." *Missourians to Protect the Initiative Process*, 799 S.W.2d at 828. "At that point, a judicial opinion as to whether the constitutional requirements have been met is no longer hypothetical or advisory." *Id.* This court

---

[3] Of the dozens of petitions that were received by the Secretary in the 2014 election cycle, only one initiative petition actually appeared on a ballot. http://www.sos.mo.gov/elections/2014ballot/ (viewed May 28, 2015).

cannot, therefore, review Reeves's claims of facial unconstitutionality.[4]  *Cole*, 272 S.W.3d at 395.  The trial court erred in issuing a decision on a claim that was not ripe for review.

### Conclusion

Because neither the claim that the Initiative facially violates the First Amendment nor the claim that the Initiative amends multiple articles of the Missouri Constitution is ripe for review, the judgment of the trial court invalidating the Initiative is reversed.  The ballot title is certified to the Secretary of State.

Karen King Mitchell, Presiding Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.

---

[4] Reeves states that she brought her challenge to the facial constitutionality of the Initiative as part of her section 116.190 action because constitutional claims must be raised at the earliest possible opportunity or they are waived.  An opponent to an initiative petition is not required to raise a substantive constitutional challenge as part of a section 116.190 challenge in order to avoid waiver.  Section 116.190 provides for a limited cause of action before circulation of the Initiative.  Only those challenges specifically provided for by the statute are allowed at that time.  The existence of a section 116.190 challenge does not eliminate the need for ripeness prior to the initiation of a substantive constitutional challenge.