Richard A. GARTNER,
Petitioner/Respondent,

v.

MISSOURI ETHICS COMMISSION,
Respondent/Appellant,

and

Richard Chrismer, as Director of St. Charles County Election Authority, and Ruth Miller, as County Clerk, Respondents.

No. ED 94916.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 14, 2010.

Rehearing Denied Oct. 26, 2010.

Chris Koster, John R. Phillips, Ronald R. Holliger, Attorney General, Jefferson City, MO, for appellant.

Michael L. Wood, The Gartner Law Firm, St. Peters, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

The Missouri Ethics Commission (the MEC) appeals from the trial court's judgment ordering that plaintiff, Richard Gartner, be listed as a candidate on the August 3, 2010 primary ballot for Associate Circuit Judge, Division 12, for the 11th Judicial Circuit in St. Charles County, Missouri. We dismiss the appeal as moot.

On February 23, 2010, plaintiff filed an application to become a candidate on the August 3, 2010 ballot for Associate Circuit Judge, Division 12, for the 11th Judicial Circuit in St. Charles County, Missouri. The MEC provided plaintiff with a Notice to Candidate that advised him that he was required to file a Personal Financial Disclosure Statement (PFD) with the MEC by April 13, 2010. The Notice to Candidate also stated that plaintiff "may be disqualified as a candidate" if he failed to file a PFD with the MEC by April 20, 2010.

Plaintiff claimed that he mailed a PFD by first class mail to the MEC on February 25, 2010. However, the MEC claimed it did not receive a PFD from plaintiff before the April 20, 2010 deadline. On April 22, 2010, plaintiff received a letter from the MEC, dated April 20, 2010, that stated: "As of the date of this letter, we have not received your personal financial disclosure statement." On April 22, 2010, plaintiff mailed another PFD, which the MEC received on April 23, 2010. The MEC subsequently determined that plaintiff had failed to meet the April 20, 2010 deadline, and it disqualified him from being a candidate. On April 28, 2010, the MEC sent a notice to the Clerk of St. Charles County, advising the clerk that plaintiff was disqualified pursuant to section 104.492.2 RSMo (2000).

On May 5, 2010, plaintiff filed a petition for declaratory judgment and temporary restraining order against the MEC, the Director of the St. Charles County Election Authority, and the Clerk of St. Charles County. Plaintiff sought, *inter alia*, a declaration that plaintiff had properly filed his PFD with the MEC and an order that plaintiff's name be placed on the August 3, 2010 ballot. After an expedited trial, the trial court found that plaintiff had

properly mailed his PFD on February 25, 2010, and that there was therefore a presumption of receipt by the MEC. It also found that the MEC had failed to show by a preponderance of the evidence that the MEC did not receive the PFD prior to the closure date of April 13, 2010.[1] The trial court ordered the MEC to rescind its letter directing the St. Charles County clerk to remove plaintiff from the August 3, 2010 ballot and ordered that plaintiff's name be placed on the ballot.

The MEC appealed the trial court's judgment and completed its Notice of Appeal on June 9, 2010. On July 2, 2010, the MEC filed its brief along with a motion for an expedited briefing schedule or, in the alternative, a ruling that the appeal was not moot. Plaintiff filed suggestions in opposition to the MEC's motion and a motion to dismiss the case as moot. In support of this motion, plaintiff filed an affidavit from the St. Charles County Election Authority, in which the Election Authority stated that the August 3, 2010 primary election ballots had already been printed with plaintiffs name and had been used for absentee voting since June 22, 2010. We granted the motion to expedite the briefing schedule by requiring plaintiffs respondent's brief to be filed by August 1, 2010, and the MEC's reply brief by August 17, 2010, with oral argument to be set in September. We took the motion to dismiss with the case.

■ For its sole point on appeal, the MEC asserts that the trial court erred in ordering that plaintiff be reinstated on the August 3, 2010 ballot. However, we must first address the threshold question of whether the controversy is moot. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (citing *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999)).

A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed as moot.

*C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 325 (Mo. banc 2000) (quoting *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984) (citations omitted)). The mootness doctrine is triggered when some event " 'so alters the position of the parties that any judgment rendered [merely becomes] a hypothetical opinion.' " *Reed*, 41 S.W.3d at 473 (alteration in original) (quoting *Armstrong*, 990 S.W.2d at 64).

■ This case became moot on June 22, 2010, when absentee voting in the August 3, 2010 primary election began and plaintiff's name was then on the primary election ballot. Moreover, as subsequent events unfolded, plaintiff was not selected as his party's candidate in that primary election.[2] A decision by this court on the issue of whether plaintiff was properly placed on the August 3, 2010 primary ballot will no longer have any practical effect on an existing controversy and would

1. Section 105.487 RSMo (2000) requires the PFD to be filed no later than fourteen days after the close of filing, in this case April 13, 2010. Section 105.492 RSMo (2000) requires the MEC to send the disqualification notice if the PFD is not filed twenty-one days after the close of filing, in this case April 20, 2010.

2. In determining whether a case is moot, we may consider matters outside the record. *Precision Invest. v. Cornerstone Propane*, 220 S.W.3d 301, 304 (Mo. banc 2007); *Reed*, 41 S.W.3d at 473; *Reynolds v. City of Valley Park*, 254 S.W.3d 264, 266 (Mo.App.2008); *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App.1998).

merely be an advisory opinion. *See Election Board v. City of Lee's Summit*, 277 S.W.3d 740, 744–45 (Mo.App.2008); *Armstrong*, 990 S.W.2d at 64.

 The MEC argues that we should not dismiss this case as moot because the issue in this case has public importance, the circumstances of this case are likely to be repeated in the future, and therefore this appeal fits within the "public interest" exception to the mootness rule. The "public interest" exception to the mootness doctrine applies if a case presents an issue that "(1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies." *City of Manchester v. Ryan*, 180 S.W.3d 19, 22 (Mo.App.2005). However, this exception is narrow, and "'if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the "public interest" exception does not apply.'" *Id.* (quoting *Kinsky v. Steiger*, 109 S.W.3d 194, 196 (Mo.App.2003) (citations omitted)); *see also Chastain*, 968 S.W.2d at 237.

This case does not fall within the public interest exception because the MEC has failed to show that the issue in this case will likely evade review in a future controversy. In other cases, issues addressing the timeliness of a candidate's PFD have been adjudicated on appeal before the case became moot. *See Jackson County Bd. of Elec. Com'rs v. Paluka*, 13 S.W.3d 684 (Mo.App.2000). An expedited appellate process is also available if timely requested, *see, e.g., City Council of Gladstone v. Yeaman*, 768 S.W.2d 103 (Mo.App.1988), as is the writ process. *See Chastain*, 968 S.W.2d at 239. Under these circumstances, we decline to apply the public interest exception to reach the merits of this moot case.

*Conclusion*

This appeal is dismissed as moot.

GLENN A. NORTON, P.J. and GEORGE W. DRAPER III, J., concur.