Tim GUERRA, Appellant,

v.

George LOMBARDI and Ron
Repogle, Respondents.

No. WD 71787.

Missouri Court of Appeals,
Western District.

March 8, 2011.

Timothy Guerra, Wheatland, MO, pro se.

Andrew W. Hassell, Jefferson City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, ALOK AHUJA and GARY D. WITT, Judges.

LISA WHITE HARDWICK, Chief Judge.

Timothy Guerra appeals the judgment denying his petition for a declaratory judgment regarding the conditions of his parole. Alternatively, he seeks habeas relief on his convictions for two counts of promoting child pornography. For reasons explained herein, we find no error and affirm the circuit court's judgment in favor of the defendants on the claim for declaratory relief. We also deny the habeas petition.

## FACTUAL AND PROCEDURAL HISTORY

In 1995, Guerra was charged with multiple counts of first-degree promotion of child pornography, Section 573.025, RSMo 1994, in Newton and Greene Counties.

The charges alleged that Guerra videotaped children under the age of eighteen years old engaging in sexual conduct. Guerra ultimately pled guilty to two counts of promoting child pornography and was sentenced to concurrent fifteen-year prison terms on each count.

The Department of Corrections conditionally released Guerra on parole in March 2008. As a condition of release, Guerra was required to register as a sex offender and to continue participation in rehabilitation services through the Missouri Sex Offender Program (MOSOP). Guerra has complied with those conditions.

In June 2008, Guerra filed a petition for declaratory judgment and habeas relief against various state and county law enforcement officials. Count I sought a declaration that there is no statutory basis for requiring Guerra to register as a sex offender or participate in MOSOP. Counts II, III, and IV asserted claims for habeas relief.

The defendants filed a motion for judgment on the pleadings on Count I and a motion to dismiss Counts II, III, and IV. After a hearing, the circuit court granted both motions. Guerra appeals the judgment on the pleadings granted in favor of the defendants on Count I and seeks habeas relief from this court.

## STANDARD OF REVIEW

■ Rule 55.27(b) permits a party to file a motion for judgment on the pleadings. "On appeal from a judgment on the pleadings in a defendant's favor, we review the allegations of the petition to determine whether the facts pleaded therein are sufficient as a matter of law." *Lynch v. Mo. Dep't of Corr.*, 267 S.W.3d 796, 798 (Mo. App.2008). "We treat all well-pleaded facts in the petition as true." *Id.* We must "uphold the judgment if the facts pled by the losing party were insufficient as a mat-

ter of law." *Pettis v. Mo. Dep't of Corr.*, 275 S.W.3d 313, 316 (Mo.App.2008).

## ANALYSIS

■ Guerra brings four points challenging the denial of his claim for declaratory relief. In Point I, he contends the circuit court erred in granting the motion for judgment on the pleadings because the court failed to properly apply exceptions to the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16912.

SORNA requires all states to maintain a state-wide sex offender registry. 42 U.S.C. § 16912(a). The federal law defines "sex offender" as "an individual who was convicted of a sex offense." *Id.* § 16911(1). A "sex offense" is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another" or "a criminal offense that is a specified offense against a minor." *Id.* § 16911(5)(A)(i)–(ii). The term "specified offense against a minor" is defined as "an offense against a minor that involves any of the following: ... (G) Possession, production, or distribution of child pornography." *Id.* § 16911(7). "Minor" is defined as "an individual who has not attained the age of 18 years." *Id.* § 16911(14). This chapter also provides, in relevant part, that "[a]n offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult." *Id.* § 16911(5)(C).

Guerra argues that his convictions fall within the statutory exception of 42 U.S.C. § 16911(5)(C) for a consenting adult because the acts upon which his convictions were based were consensual and his alleged victim was seventeen years old. He points out that certain sexual offenses in Missouri require that the victim be less than seventeen years old in order to qualify as a minor. *See, e.g.,* § 566.034, RSMo

2000, (second-degree statutory rape), § 566.064 (second-degree statutory sodomy), and § 566.068 (second-degree child molestation). Based on the age limitations for these offenses under Missouri law, Guerra asserts that his seventeen-year old victim was an adult.

Guerra ignores the plain language of the federal statute. An individual who is less than eighteen years old is a "minor" pursuant to 42 U.S.C. § 16911(14). Guerra acknowledges that his victim was less than eighteen years old. Guerra's situation does not fall within the exception provided by 42 U.S.C. § 16911(5)(C) because his seventeen-year old victim was a minor and not an adult.

 Under Point I, Guerra also argues that he cannot be required to register as a sex offender because sexual acts between two consenting adults is constitutionally protected conduct pursuant to *Lawrence v. Texas,* 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) (consenting adults have a liberty right under the Due Process Clause to engage in private sexual conduct). This argument fails in light of our conclusion that Guerra's victim was not an adult capable of consenting to sexual conduct. We further note that Guerra waived this constitutional claim by failing to present it to the trial court. "Constitutional violations are waived if not raised at the earliest possible opportunity." *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 224 (Mo. banc 1998). We cannot consider constitutional questions raised for the first time on appeal. *State v. Gonzales,* 253 S.W.3d 86, 88 (Mo.App.2008). Point I is denied.

 In Point II, Guerra contends the circuit court erroneously granted the respondents' motion for judgment on the pleadings because the judgment cites "[Section] 217.690.8 (2000) as [the] sole reason for it[ ]s decision [although this sec-

tion] has absolutely nothing to do with requiring appellant to attend MOSOP."

Although no longer current, Section 217.690.8, RSMo 2000, provided: "The board may, at its discretion, require any offender seeking parole to meet certain conditions during the term of that parole so long as said conditions are not illegal or impossible for the offender to perform." In 2005, Section 217.690 was amended to renumber subsection 8 as subsection 9. Thus, at the time judgment was entered in this case in 2009, the circuit court should have cited Section 217.690.9, Cum.Supp. 2008, instead of Section 217.690.8 (2000), as the basis for its decision that the parole board had discretion to set certain conditions for Guerra's release on parole.

We review for prejudice and not mere error. *Heritage Warranty Ins., RRG, Inc. v. Swiney,* 244 S.W.3d 290, 294 (Mo.App. 2008). The court's citation error is harmless and did not adversely affect the disposition of Guerra's petition. The court properly determined that the parole board had discretion to require Guerra to meet certain conditions and that Guerra's Count I allegations were insufficient to establish that he could not be required to register as a sex offender or attend MOSOP as a condition of his parole. Accordingly, the court did not err in granting judgment on the pleadings in favor of the defendants. Point II is denied.

 In Point III, Guerra contends the circuit court's finding that "[p]articipation in a sex offender program is not illegal or impossible for Guerra to complete and is reasonable in light of Guerra's convictions" is against the weight of the evidence and fails to properly apply the law. He asserts the court's finding is "unattainable" because "no one ever 'successfully completes' MOSOP" while on parole.

Missouri law provides that "[t]he director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses[, and] the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs." § 589.040.1, RSMo 2000. "All persons imprisoned by the department of corrections for sexual assault offenses shall be required to successfully complete the programs developed pursuant to subsection 1 of this section." § 589.040.2. It is clear that these provisions apply to sexual offenders who are in prison and not those who have been released on parole. For paroled offenders, the parole board has discretion to require "certain conditions during the term of that parole so long as said conditions are not illegal or impossible for the offender to perform." § 217.690.9, RSMo Cum.Supp.2008.

In his argument on appeal, Guerra does not explain how the condition of continued participation in MOSOP is illegal or impossible. Rather, he argues it is impossible for him to "successfully complete" the MOSOP while on parole. Guerra appears to confuse the requirement of successful completion of MOSOP as a condition of *obtaining* parole, pursuant to § 589.040, with the requirement of continued participation in MOSOP as a condition to *remaining* on parole, pursuant to § 217.690. Neither the parole board nor the court made a determination that Guerra was required to complete MOSOP while on parole. The parole board merely required Guerra to participate in MOSOP, and the court subsequently found that such *participation* was not an illegal or impossible requirement for him to complete. The court's finding is supported by the law and the facts alleged in the petition. We find no error and deny Point III.

In Point IV, Guerra contends the circuit court erred in finding that "[p]articipation in a sex offender program is not illegal" because he believes certain requirements of MOSOP violate his First Amendment right of freedom of speech and thought. Guerra argues MOSOP "is built on the concept of punishment of 'thought'" and that it is unconstitutional for the State to attempt to censor or restrain his thoughts, except in cases of national security.

Although not included in his original petition, Guerra asserted in his "Response To Respondent's Answer":

12. Additionally, the MOSOP program itself, on its face is unlawful as it violates U.S. Supreme Court mandate in that it is a violation of the First Amendment by imposing and punishing freedom of thought by teaching something it calls, "thinking errors." MOSOP goes past the allowable governmental control and punishment of behavior to the control of punishment of thought, violating Supreme Court mandate that "Whatever the power of the state to control public dissemination of ideas inimical to the public morality, it cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts." *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

Even if we were to construe Guerra's "Response To Respondent's Answer" as a pleading and treat the facts alleged as admitted, Guerra was not entitled to judgment as a matter of law because he asserted only the barest of legal conclusions about this constitutional violation. Both in the circuit court and on appeal, Guerra has utterly failed to explain how the holding of *Stanley* applies to his situation or in what manner MOSOP violates his First Amendment rights or punishes him for his thoughts. The circuit court did not err in

granting respondents' motion for judgment on the pleadings as to Count I. Point IV is denied.

## PETITION FOR HABEAS RELIEF

 As an alternative to his points on appeal, Guerra has also included a "Petition for Writ of Habeas Corpus" in his appellate brief. This inclusion is procedurally improper because Guerra failed to comply with the requirements of Rule 84.24 by filing a separate petition, writ summary, and suggestions in support. *See Blackmon v. Mo. Bd. of Prob. and Parole,* 97 S.W.3d 458 (Mo. banc 2003) ("Promptness of adjudication can be best accomplished by the filing of a new petition for writ of habeas corpus rather than taking an ordinary appeal from the judgment of the circuit court.") Despite this impropriety, we will address the arguments in his petition *ex gratia* to promote efficient disposition of the habeas claim.

In his petition for habeas relief, Guerra contends he is innocent of first-degree promotion of child pornography because the acts which he committed (he admits he videotaped a seventeen-year-old male masturbating) do not constitute child pornography. Specifically, he asserts that the sexual acts he videotaped do not qualify as a "sexual performance" within the statutory definition for child pornography because the actor was not less than seventeen years of age.

Section 573.025 (1994) provides, "A person commits the crime of promoting child pornography in the first degree if, knowing its content and character, he photographs, films, videotapes, produces, publishes or otherwise creates child pornography, or knowingly causes another to do so." "Child pornography" is defined as "any material or performance depicting sexual conduct, sexual contact, or a sexual performance as these terms are defined in section 556.061, RSMo, and which has as one of its participants or portrays as an observer of such conduct, contact, or performance a child under the age of eighteen; provided, that it shall not include material which is not the visual reproduction of a live event." *Id.* § 573.010(1).

Section 556.061 defines "sexual conduct" as "acts of human masturbation; deviate sexual intercourse; sexual intercourse; or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or the breast of a female in an act of apparent sexual stimulation or gratification." *Id.* § 556.061(29). "Sexual contact" is defined as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person." *Id.* § 556.061(30). "Sexual performance" is defined as "any performance, or part thereof, which includes sexual conduct by a child who is less than seventeen years of age." *Id.* § 556.061(31).

Guerra argues the State could not prove that he videotaped a "sexual performance" because the individual involved in the sexual acts was not less than seventeen years of age. His argument ignores the fact that the charging documents allege that Guerra "[videotaped] child pornography consisting of children under the age of 18 engaging in *sexual conduct.*" (emphasis added). "Sexual conduct" only requires that the subject be less than eighteen years of age. *See* §§ 556.061(29), 573.010(1), RSMo 1994. Guerra admits the subject of his videotape was seventeen years old. He offers no argument as to why or how the sexual acts he videotaped do not constitute "sexual conduct."[1] Be-

---

1. Any such argument would likely fail be-

cause "sexual conduct" does not require

cause Guerra admits to videotaping a seventeen-year-old individual involved in sexual conduct, his petition for habeas relief fails to state a claim for relief. The petition is denied.

## CONCLUSION

We affirm the circuit court's judgment and deny the petition for a writ of habeas corpus.

All Concur.

physical contact with another individual. *See State v. Oliver*, 293 S.W.3d 437, 445 (Mo. banc 2009) ("The two photographs of a boy bending over with his unclothed buttocks toward the camera and separating his buttocks with his hands depict sexual conduct. These photographs contain physical contact with the child's unclothed buttocks.")