

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| ANDREW BERNHARDT, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD77214 |
| | ) | |
| NANCY McCARTHY for BOARD OF | ) | FILED: May 12, 2015 |
| PROBATION and PAROLE, | ) | |
| Respondent. | ) | |

### Appeal from the Circuit Court of Cole County
### The Honorable Patricia S. Joyce, Judge

### Before Division Four: Alok Ahuja, C.J., James E. Welsh, J. and
### Patrick W. Campbell, Sp.J.

Andrew Bernhardt was placed on parole following convictions for aggravated stalking and armed criminal action. The Board of Probation and Parole ordered Bernhardt to obtain a sex offender evaluation as a special condition of his parole. Bernhardt filed suit in the Circuit Court of Cole County to challenge this parole condition, arguing that it was unlawful because he had never been convicted of a sexual offense. The circuit court granted the State's Motion for Judgment on the Pleadings, and Bernhardt appeals. Because Bernhardt has completed his parole, we conclude that the issues raised in Bernhardt's appeal are moot. The appeal is dismissed.

**Factual Background**[1]

Bernhardt was convicted following a jury trial of aggravated stalking in violation of § 565.225,[2] and armed criminal action in violation of § 571.015. The incident giving rise to Bernhardt's convictions occurred on June 21, 2009; the victim was an adult male who was treating Bernhardt for mental health issues. According to Bernhardt's petition in this case, his convictions are based on a determination that he "purposefully harassed [Victim] by appearing in front of his house on two or more occasions while in possession of a firearm . . . and communicated a credible threat by displaying a weapon in front of his home and did so with the intent of placing [Victim] in reasonable fear for his safety or the safety of his family or household."

The Missouri Board of Probation and Parole granted Bernhardt parole in November 2012. Bernhardt was ordered to obtain a sex offender evaluation as a special condition of his parole, even though he had not been convicted of a sexual offense.

On April 1, 2013, Bernhardt filed a verified petition in the Circuit Court of St. Louis County to challenge the Board's mandate that he complete a sex offender evaluation. Bernhardt's petition sought a temporary restraining order, preliminary and permanent injunctive relief, a declaratory judgment, and a writ of prohibition. The petition alleged that requiring Bernhardt to complete a sex offender evaluation exceeded the Board's statutory authority and violated his due process rights, because his underlying convictions were not sexual in nature, and he had never been previously convicted of a sex crime.

---

[1]       Because Bernhardt appeals from the grant of judgment on the pleadings, the underlying facts are derived from his petition; we assume those facts to be true for purposes of our review. *Guerra v. Lombardi*, 336 S.W.3d 167, 170 (Mo. App. W.D. 2011).

[2]       All statutory references are to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2014 Cumulative Supplement.

The case was transferred to the Circuit Court of Cole County. The Board filed a Motion for Judgment on the Pleadings, which the circuit court granted.

Following the circuit court's ruling Bernhardt submitted to a sex offender evaluation; according to Bernhardt, this evaluation determined that he was not "likely to be a sex offender." In addition, prior to the filing of Berhnardt's appellate brief, he was released from supervised parole on July 31, 2014.

The State filed a Motion to Dismiss the Appeal as Moot prior to oral argument in this Court. That motion was taken with the case. Having reviewed the State's Motion and Bernhardt's suggestions in opposition, we now dismiss the appeal as moot.

## Discussion

Bernhardt argues that the Board's order that he submit to a sex offender evaluation violated the Board's statutory authority under §§ 217.690 and 217.207, and was "arbitrary, capricious, and unreasonable" in violation of his due process rights under the Missouri and United States Constitutions, because the special condition was unrelated to any offense for which he had been convicted.[3]

"Generally, this court does not decide moot issues." *Aldrich v. Goodman*, 340 S.W.3d 669, 670 (Mo. App. W.D. 2011). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Underwood v. Dir. of Mo. Dep't*

---

[3] On appeal, Bernhardt also argues that the requirement that he submit to a sex offender evaluation constituted an unlawful invasion of his constitutional right to privacy with respect to sexual matters. Bernhardt did not make this argument in his verified petition or in his briefing in the trial court, however, and he therefore failed to preserve this issue for appellate review. "'If not raised at the first opportunity in the circuit court, a constitutional claim is waived and cannot be raised here.'" *State v. Pierce*, 433 S.W.3d 424, 429 (Mo. banc 2014) (quoting *State v. Fassero*, 256 S.W.3d 109, 117 (Mo. banc 2008)); *see also*, *e.g.*, *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 266-69 (Mo. banc 2014).

3

*of Corr.*, 215 S.W.3d 326, 327 (Mo. App. W.D. 2007) (citations and internal quotation marks omitted).

"In determining whether a case is moot, we may consider matters outside the record." *Gartner v. Mo. Ethics Comm'n*, 323 S.W.3d 439, 441 n.2 (Mo. App. E.D. 2010) (citing *Precision Invs. v. Cornerstone Propane*, 220 S.W.3d 301, 304 (Mo. banc 2007)). As reflected in the parties' briefing on the State's motion to dismiss, Bernhardt completed the challenged sex offender evaluation in January 2014, and was completely released from the Board's parole supervision on July 31, 2014. At oral argument, Bernhardt's counsel acknowledged that he is subject to no collateral consequences as a result of having been required to undergo a sex offender evaluation.

Berhnardt concedes that the case is moot. He argues, however, that the case falls within an exception to the mootness doctrine, and that we should accordingly decide the questions presented despite the fact that our ruling would have no practical effect on him. Generally, this Court may choose to address issues raised in a moot case when (1) the case becomes moot after it has been argued and submitted; or (2) when the moot issue is a recurring question of general public interest which will otherwise evade review. *Aldrich*, 340 S.W.3d at 670.

The first exception is inapplicable here: Bernhardt was released from parole supervision before the filing of his opening brief, and well before the submission of the case for decision. Bernhardt asks us to review the case under the second, "public interest" exception. To qualify for the "public interest" exception, the appellant must demonstrate that the "case presents an issue that (1) is of general public interest; (2) will recur; and (3) will evade appellate review in future live controversies." *Asher v. Carnahan*, 268 S.W.3d 427, 431 (Mo. App. W.D. 2008). A case cannot proceed unless it meets all three requirements. This case does not.

"The public interest exception is very narrow and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, this exception does not apply." *State ex rel. Dienoff v. Galkowski*, 426 S.W.3d 633, 639 (Mo. App. E.D. 2014). Even if we assume that the questions raised in this case are issues of general public interest which will recur, we cannot conclude that the issues will evade review in a future live controversy. For a case to evade review in future live controversies, the duration of the controversy must be so limited that it is not possible for a claim to be heard and appeals to be exhausted during its duration. *Id.* According to statistics compiled by the Department of Corrections, however, the average amount of time an offender serves on parole is approximately 28 months. Mo. Dep't of Corr., A PROFILE OF THE INSTITUTIONAL AND SUPERVISED OFFENDER POPULATION ON JUNE 30, 2013, at 108 (2014).[4] Because 28 months is the *average* parole term, many parolees serve longer periods on parole. Regardless, a parole period of 28 months would generally be sufficient time to litigate a challenge to a condition of parole.

In this case, the special condition was imposed at the time of Bernhardt's release on parole in November 2012, yet he did not file suit to challenge the condition until April 1, 2013. In addition, the appellate process was delayed for several months because Bernhardt initially took his appeal from an order which was unappealable because it was not denominated as a "judgment," as required by Rule 74.01(a). Bernhardt did not seek to expedite the preparation of the record or the briefing of the appeal. While we do not fault Bernhardt or his counsel for the manner in which they have prosecuted this case, the fact is that "[t]he present case could have been prosecuted in such a way to avoid the present mootness problem. We do not believe future

---

[4] Bernhardt submitted a copy of this report as an attachment to his suggestions in opposition to the Board's motion to dismiss.

cases presenting the same issue will necessarily evade this Court's scrutiny." *Friends of the San Luis, Inc. v. Archdiocese of St. Louis*, 312 S.W.3d 476, 485 (Mo. App. E.D. 2010).

We note that at least one recent appeal presented similar challenges to parole conditions in a case which remained live at the time of the appellate disposition. *See Guerra v. Lombardi*, 336 S.W.3d 167 (Mo. App. W.D. 2011). The fact that these issues were litigated to resolution in a similar case confirms that the issues will not evade review in the future. *Gartner v. Mo. Ethics Comm'n*, 323 S.W.3d 439, 442 (Mo. App. E.D. 2010).

In this case Bernhardt challenges a parole condition which required him to submit to a one-time evaluation; once that evaluation occurred, the parole condition had been satisfied. As Bernhardt argues, the threat of parole revocation and re-incarceration create strong incentives for parolees to comply with parole conditions, even if they object to them. Nevertheless, a temporary restraining order or preliminary injunction may be available to delay the requirement to comply with a parole condition while a challenge is litigated. In addition, the objection which Bernhardt has properly preserved – that parole conditions must be related to an offense of which the parolee has been convicted – will also arise in connection with parole conditions which impose continuing obligations throughout the parole term. Assuming this is in fact a recurring question, it will arise in circumstances which will permit the issue to be fully litigated in the circuit court and on appeal in the context of a live controversy. "The fact that other parties could raise the issues [Berhnardt] seeks to litigate – in a live controversy – [justifies our refusal] to invoke the discretionary 'capable of repetition' exception here." *Jackson Cnty. Bd. of Election Comm'rs v. City of Lee's Summit*, 277 S.W.3d 740, 747 (Mo. App. W.D. 2008).

6

**Conclusion**

The appeal is dismissed.

_____
Alok Ahuja, Judge

All concur.