

## MISSOURI COURT OF APPEALS
### WESTERN DISTRICT

| | | |
|---|---|---|
| KYLE ODERMANN AND AUDREY ODERMANN, | ) ) ) | **WD85561 consolidated with WD85607** |
| Respondents, | ) ) | |
| v. | ) ) | **OPINION FILED:** |
| | ) | **June 20, 2023** |
| GERALD MANCUSO, DESARAE G. HARRAH AND HARRAH LAW, LLC, | ) ) ) | |
| Appellants. | ) ) ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Justine E. Del Muro, Judge**

**Before Division Three: Janet Sutton, Presiding Judge,**
**Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge**

Desarae Harrah and Harrah Law, LLC, appeal from a judgment of the Jackson County

Circuit Court (the court) entered after Kyle and Audrey Odermann filed a petition for judicial

review under section 570.095[1] of an allegedly false document, a lis pendens, filed by Harrah and

Harrah Law, LLC, on behalf of Gerald Mancuso.[2]  After a hearing, the court entered a judgment

finding that probable cause existed to invalidate the lis pendens filed by Harrah and Harrah Law,

---

[1]  Statutory references to section 570.095 are to the RSMo (Cum. Supp. 2022).

[2]  Gerald Mancuso previously was a party to this appeal but has since voluntarily dismissed his appeal.

LLC.[3]  We reverse the court's judgment invalidating the lis pendens and, under Rule 84.14,[4] enter the judgment the court should have entered denying the Odermanns' petition for judicial review.

## Factual and Procedural Background

On March 30, 2022, attorney Desarae Harrah of Harrah Law, LLC, filed a petition on behalf of her client Gerald Mancuso (Mancuso) against Kyle Odermann and Audrey Odermann (the Odermanns) in the Jackson County Circuit Court (the underlying case).  In the underlying case, Mancuso alleged that the Odermanns agreed to sell him property (the property), and that the Odermanns breached the agreement.  The underlying case's petition included a breach of contract claim and a claim for specific performance against the Odermanns, and claims of negligent and fraudulent misrepresentation against the Odermanns' real estate broker.[5]

The same day as filing the underlying case, Harrah recorded for Mancuso a notice of lis pendens on the property pursuant to section 527.260 with the Jackson County Recorder of Deeds.[6]  The notice of lis pendens provided the legal description of the property and stated:

> This notice of Lis Pendens is made and recorded pursuant to Mo. Rev. Stat. [s]ection 527.260 for the purpose of giving notice to and warning all interested persons that there is pending, with respect to the following-described real estate, a dispute as to the status of title to said realty and that a lawsuit has been filed in the Circuit Court of Jackson County, Missouri, at Kansas City by Gerald Mancuso, against Kyle Odermann, Audrey Odermann, and that any interests acquired in

---

[3]  Desarae Harrah and Harrah Law, LLC, will collectively be periodically referred to as "Harrah" for the remainder of this opinion because attributing actions to or against Harrah or Harrah Law, LLC, is immaterial to the disposition of the issues raised in this appeal.

[4]  Missouri Supreme Court Rule 84.14 provides: "The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give.  Unless justice otherwise requires, the court shall dispose finally of the case."

[5]  The two counts against the Odermanns' real estate broker were dismissed by the court when it granted the real estate broker's motion to dismiss in late June 2022.

[6]  Statutory references to section 527.260 are to the RSMo (2016).

said real estate during the pendency of this litigation are subject to its outcome . . . .

On April 4, 2022, the Odermanns, before filing an answer in the underlying case, filed a separate petition in the Jackson County Circuit Court against Mancuso, Harrah personally, and Harrah Law, LLC. The Odermanns' petition stated it was for "a judicial review for false document filings by G[erald] Mancuso, Harrah Law, LLC[,] and Desarae Harrah under [section] 570.095" and it requested the court declare the notice of lis pendens, as well as Mancuso's petition in the underlying case, "invalid," and strike both. (The section 570.095 case). The Odermanns also requested the court order Harrah and Mancuso to pay "restitution" in an amount equal to their "actual attorneys' fees and costs of mitigating the effects of [Mancuso, Harrah, and Harrah Law, LLC's] improper conduct."[7]

In a probable cause statement filed with their petition, the Odermanns accused Mancuso and Harrah of filing false documents in violation of section 570.095 by recording the notice of lis pendens, and they disputed the allegations in the underlying case by stating that Mancuso's petition in the underlying case did not aver the necessary facts to establish a valid contract between the parties. In their probable cause statement, citing section 570.095.2, the Odermanns argued that because of their actions, Harrah and Mancuso committed a class D felony.

In mid-April 2022, the Odermanns filed an answer in the underlying case, and asserted counterclaims against Mancuso. Their counterclaims included claims, among others, for intentional interference with business expectancy, three counts of slander of title—one pertaining

---

[7] However, the court could only order this restitution if Mancuso and Harrah pleaded guilty or were found guilty under section 570.095. Section 570.095.4 provides, in relevant part, that "[a]ny person who pleads guilty or is found guilty under subsections 1 to 3 of [section 570.095] shall be ordered by the court to make full restitution to any person or entity that has sustained actual losses or costs as a result of the actions of the defendants."

3

to the filing of the petition in the underlying case, one for filing the lis pendens, and one for statements made by Mancuso about his alleged contractual rights to the property—and a claim for violation of section 570.095.

On April 21, 2022, summonses were issued in the Odermanns' section 570.095 case for Mancuso and Harrah and the court set a hearing date on the Odermanns' section 570.095 case for four days later, April 25. Harrah and Harrah Law, LLC, were served the next day, April 22. Mancuso, however, was never served in the section 570.095 case.[8]

Before the hearing, Harrah moved to strike or dismiss the Odermanns' section 570.095 petition or consolidate the section 570.095 case with the underlying case. Harrah argued section 527.260 specifically authorized the lis pendens, and the Odermanns failed to demonstrate probable cause that Harrah filed false documents because the lis pendens truthfully stated an action had been filed affecting the property, which was true and required under section 527.260. Harrah argued that where a lis pendens has a reasonable relation to an action filed, there is an absolute privilege in Missouri as it relates to protecting the perceived rights of the party in property. Harrah also provided an affidavit, stating that Mancuso hired her, she investigated the claims in the underlying case, she filed the petition based on that investigation, and she recorded the notice of lis pendens against the property. Harrah also requested a continuance of the hearing date on the section 570.095 case due to a previously scheduled mediation, but the court denied her request on the day of the hearing.

---

[8] Before Mancuso voluntarily dismissed his appeal, he raised his lack of service in a point relied on in his brief. Mancuso contended that the judgment was irregular and void because he was not served in the section 570.095 case. We do not decide the service issue related to Mancuso because of his voluntary dismissal of his appeal.

4

The court held a hearing on the Odermanns' section 570.095 petition on April 25, with Harrah absent but she and her firm represented by another of the firm's attorneys. The court did not grant Harrah's motion to consolidate.[9] When Harrah's counsel brought up that Mancuso had not been served, the court stated that nothing in section 570.095 required service, that the statute is part of the criminal code, and the court analogized the situation to issuing an arrest warrant based on probable cause, and that the "offending party" would not be present or served.

The Odermanns then presented the testimony of Mr. Kyle Odermann and his real estate agent. Mr. Odermann denied that the Odermanns' agent had authority to enter into a contract, denied ever meeting or entering into any agreement with Mancuso, and stated he later sold the property to someone else. Mr. Odermann said the statements in the petition in the underlying case that the property was under contract with Mancuso were false and misleading. The Odermanns' agent also testified that he had no authority to enter into a contract on the Odermanns behalf, and that he did not do so with Mancuso.

After the hearing, the court issued a judgment granting, in part, the Odermanns' petition for judicial review under section 570.095. The court ordered "probable cause exist[ed] to invalidate" the lis pendens filed with the Jackson County Recorder of Deeds, and rendered the lis pendens invalid. The court ordered "costs and fees" assessed against Mancuso and Harrah, but

---

[9] It appears the court was unwilling to consolidate the section 570.095 action with the underlying case because Harrah's motion to consolidate "was not filed in the proper case as such motion is required to be filed in the lower numbered case pursuant to [Jackson County Local Court] Rule 6.8.3." The "lower numbered case" would have been the underlying case, and instead, Harrah filed her request in the section 570.095 case. Despite Harrah not following the local court rule, we believe it would have been a better practice for the court to consolidate the matters for adjudication.

did not state an amount of either. The court did not grant the request to strike the petition in the underlying case.

In late May 2022, the Odermanns filed an application for costs and fees, seeking costs of only $348.89 in the case and not attorney fees, but stating that they "reserve[d] the right to make application for and collect such fees as special damages under their counterclaims" in the underlying case. In early June 2022, the court then entered an order for Mancuso and Harrah to pay costs of $348.89.[10]

After that, counsel for Mancuso entered an appearance and filed a motion to set aside the judgment, arguing that Mancuso had not been served in the section 570.095 case, and therefore, the judgment was irregular or void. The same counsel also appeared for Harrah and filed a motion for the court to amend its judgment, reiterating many of Harrah's earlier arguments made in her motion to strike or dismiss the petition for review under section 570.095: that the lis pendens was not a "false document" under section 570.095 because the lis pendens stated only that an action had been filed affecting the property, which was true and statutorily proper under section 527.260, and that an absolute privilege for lis pendens notices filed in conjunction with an action affecting real estate foreclosed the Odermanns' action under section 570.095. The trial court denied Mancuso's motion to set aside the judgment and struck Harrah's motion to amend the judgment as filed out of time.

---

[10] Nothing in section 570.095 explicitly gave the court the authority to award attorneys' fees to the Odermanns in this action. Section 570.095.9 does, however, state: "If a filing or record is deemed invalid, court costs and fees are the responsibility of the party who originally initiated the filing or record. If the filing or record is deemed valid, no court costs or fees, in addition to standard filing fees, shall be assessed." Because this is not a matter raised on appeal, we do not consider the issue or resolve it.

Meanwhile, in May 2022, in the underlying case, the Odermanns filed a motion for judgment on the pleadings with respect to the breach of contract and specific performance counts in Mancuso's petition. In September 2022, the court found that Mancuso failed to allege facts establishing that the parties had entered into an enforceable contract and the court entered judgment in favor of the Odermanns on Mancuso's breach of contract and specific performance counts. The court specifically noted that the Odermanns' counterclaims remained pending.

Subsequently, in late December 2022, in the underlying case, the court entered judgment against Mancuso and in favor of the Odermanns with respect to their counterclaims of intentional interference with business expectancy and one count of slander of title relating to Mancuso's statement about his alleged contractual rights to the property. In the underlying case, the Odermanns sought attorneys' fees and expenses of $62,653.25. Of this, the Odermanns submitted documentation establishing that $24,248.75 was for legal work completed in the section 570.095 case.

The court awarded the Odermanns $203,631.04 in damages, consisting of compensatory and special damages of $101,815.52, punitive damages in an amount equal to compensatory and special damages, i.e., $101,815.52, plus statutory interest. The court dismissed the remaining counterclaims, including the counterclaim alleging a section 570.095 violation and requesting "restitution" for such violation. No appeal was taken in the underlying case.

Harrah appeals the court's judgment granting, in part, the Odermanns' petition for judicial review under section 570.095 and finding that probable cause existed to invalidate the lis pendens.[11]

---

[11] On July 25, 2022, Mr. Mancuso, Ms. Harrah, and Harrah Law, LLC, filed their notice of appeal, and the appeal was given case number WD85561. We subsequently asked for suggestions as to whether the appeal was timely, and Mancuso, Harrah, and Harrah Law, LLC,

## Legal Analysis

On appeal, Harrah raises two points. First, she argues the court erred in holding the notice of lis pendens recorded against the property invalid as a false or fraudulent document under section 570.095. Harrah argues that because section 527.260 requires the recording of a notice of lis pendens in any action that affects real estate, a notice of lis pendens that complies with section 527.260 is subject to absolute privilege, and here, there was no substantial evidence supporting anything other than that the notice of lis pendens complied with section 527.260. In her second point on appeal, Harrah contends the trial court erred in holding the notice of lis pendens invalid as a false or fraudulent document under section 570.095 because there was no substantial evidence that anything in the notice of lis pendens was fraudulent, false, misleading, forged, or contained materially false information.

Before reaching the merits of the appeal, however, we address the Odermanns' motion to dismiss the appeal as moot that was taken with the case.

## Motion to Dismiss

The Odermanns filed a motion to dismiss this appeal as moot because the court in the underlying case entered judgment in favor of the Odermanns on Mancuso's claims against them and because the Odermanns filed a satisfaction of the costs awarded by the court in the section 570.095 judgment. The Odermanns argued that no appeal was taken in the underlying case, that our decision would not "resurrect" the lis pendens, and that there are no issues which, if we

---

filed suggestions and also alternatively asked for leave to appeal out of time. On August 11, 2022, in a separate appellate case, case number WD85607, Mancuso, Harrah, and Harrah Law, LLC, filed a motion for leave to file a notice of late appeal, an "alternative" request to the pending appeal in WD85561. We granted the requests to file an appeal out of time in orders dated August 19, 2022, and then we consolidated the two appeals.

8

rendered a decision in this appeal, would have any practical effect on the parties or the property. In a supplemental filing to their motion to dismiss the appeal, the Odermanns included additional arguments, including that the appeal is moot because there are "likely no criminal consequences" of the section 570.095 judgment and its existence does not impact Harrah and Mancuso's reputation and livelihood, and that this appeal presents no substantial questions of public interest that warrant further expense to the parties and commitment of Court resources.

Harrah responds that this appeal is not moot because: (1) an involuntary satisfaction of a judgment cannot moot a case; (2) the judgment in the section 570.095 case leaves an "open controversy" as Harrah could be subjected to criminal prosecution as well as professional discipline; and (3) the Odermanns are using the judgment in the section 570.095 case as part of a malicious prosecution, abuse of process, and civil conspiracy case (malicious prosecution case) the Odermanns recently filed against Harrah, Harrah Law LLC, and Mancuso.[12]

"The mootness of a controversy is a threshold question in any appellate review of that controversy." *Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 638 (Mo. App. W.D. 1998) (citation omitted). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bernhardt v. McCarthy*, 467 S.W.3d 348, 350-51 (Mo. App. W.D. 2015) (citation omitted); *See Laas v. Wright*, 191 S.W.3d 93, 96 (Mo. App. S.D.

---

[12] Harrah requests we take judicial notice of that case, *Odermann v. Harrah*, 2316-CV04113, and we grant her request. We "'may take judicial notice of the records of other cases when justice so requires.'" *Muhammad v. State*, 579 S.W.3d 291, 293 n.4 (Mo. App. W.D. 2019) (quoting *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. E.D. 2005)). We may also consider matters outside the record in determining whether a case is moot. *Bernhardt v. McCarthy,* 467 S.W.3d 348, 351 (Mo. App. W.D. 2015).

2006). "A case must be dismissed as moot whenever an event occurs that renders a decision unnecessary." *Two Pershing Square, L.P.*, 981 S.W.2d at 638.

"Generally, the voluntary satisfaction of a judgment renders any appeal from that judgment moot." *Id.*; *see also Kinser v. Elkadi*, 654 S.W.2d 901, 903 (Mo. banc 1983) ("The rule is that when a defendant voluntarily pays a judgment rendered against him, he may not appeal from that judgment."). "This is because, '[w]hen the judgment has been paid, the issue is settled and the question is moot.'" *Coburn v. Kramer & Frank, P.C.*, 627 S.W.3d 18, 27 (Mo. App. E.D. 2021) (quoting *In re Estate of Pethan*, 475 S.W.3d 722, 727 (Mo. App. W.D. 2015)).

Here, it is clear there has been no voluntary satisfaction of the judgment as neither Harrah nor Harrah Law, LLC, paid the Odermanns anything under the court's judgment in the section 570.095 case.

The issue in this case is whether the Odermanns' unilateral satisfaction of the court's judgment, without Harrah issuing any payment on the judgment, makes this appeal moot. The Odermanns argue the court only ordered Harrah and Harrah Law, LLC, to pay their costs, and that they unilaterally filed a satisfaction of that judgment in the court below, and therefore, this appeal is moot. The Odermanns' apparent motivation and reasoning behind filing that satisfaction of judgment was explained in their brief to this Court:

> [The Odermanns] had not collected any part of the $348.89, but recognized that the expenditure of this Court's and their own resources in maintaining this [a]ppeal greatly exceeded any benefit to [the Odermanns], and that it was better to bear those costs than to spend several thousand dollars more on this [a]ppeal to preserve that amount.

We conclude that the Odermanns, by unilaterally filing a satisfaction of a judgment without collecting it, cannot foreclose an opposing party's appeal by rendering it moot, on that basis alone.

10

Additionally, the court's judgment in the section 570.095 case has been referenced and attached as an exhibit to the malicious prosecution case filed by the Odermanns in early February 2023 against Harrah, Harrah Law, LLC, and Mancuso. In the malicious prosecution case, the petition included the following references to the section 570.095 case:

> 21. On April 4, 2022, [the Odermanns], . . . filed a Petition for Review and Statement for Review and Statement of Probable Cause under the Missouri False Filing Statute, [section] 570.095 (the "False Filing Review") . . . .A true and correct copy of the petition and statement of probable cause from the False Filing Review is attached hereto as Exhibit D.
> 22. [The court] rendered judgment in favor of [the Odermanns], invalidating [the] Notice of Lis Pendens on April 25, 2022 . . . although [Harrah] filed a late appeal of the False Filing Review that is still pending as case no. WD85561, alleging that the application of the false filing statute was in error, but not challenging any factual findings of the judgment.[13] A true and correct copy of the judgment is attached hereto as Exhibit E.

The malicious prosecution case is still pending.

Where a judgment "is being used as the predicate for a [separate] civil action" against an aggrieved individual, an appeal from that judgment is not moot. *State ex rel. McCulloch v. Hoskins*, 978 S.W.2d 779, 782 (Mo. App. E.D. 1998). In *Hoskins*, a *quo warranto* action was filed against a mayor for allegedly violating a city charter prohibiting him from holding other elected public office during his term. *Id.* at 780-81. The trial court entered a judgment of ouster based on the *quo warranto* action, and the mayor appealed the judgment. *Id.* at 781. The mayor then lost a recall election, and the relator moved to dismiss the mayor's appeal as moot, contending that the Court would be "powerless to return [the mayor] to office even if [the Court] conclude[d] he was wrongfully removed in the *quo warranto* action." *Id.* at 781. A petition had also been filed against the mayor in federal court "seeking to impose liability upon him, at least

---

[13] In her brief to this court, Harrah notes that this statement is erroneous because in her second point relied on she challenges the court's finding— that the notice of lis pendens was false or fraudulent—as lacking in substantial evidence.

in part, because he illegally served as [m]ayor while also holding office as a political party committeeman." *Id.* at 782. The mayor contended that, because of the second petition filed against him, even if he could not be restored to office, the trial court's judgment that he violated the city charter by simultaneously holding the two elected offices would have "direct and collateral consequences that justify" appellate review. *Id.* We held that the mayor's appeal was not moot and that the mayor "demonstrated that he is aggrieved by the judgment even if he cannot now be restored to office inasmuch as the judgment is being used as the predicate for a civil action against him." *Id.*

For similar reasons explained in *Hoskins,* Harrah's appeal is not moot, even though the underlying case has since been resolved against Mancuso and in favor of the Odermanns, even though our reversal of the court's judgment in the section 570.095 case would not reinstate the previously recorded lis pendens.

The Odermanns filed their malicious prosecution case against Harrah and specifically referenced their section 570.095 petition and resulting judgment invalidating the lis pendens filed by Harrah. Section 570.095.8 provides: "A court ruling of invalid *shall be evidence* that the original filing or record was not accurate, true, or correct." (emphasis added). Therefore, this judgment, if introduced as evidence in a subsequent proceeding, would be substantive proof that the record was false.

The judgment in the section 570.095 case, granting the Odermanns' petition, in part, found probable cause to believe that an attorney, Harrah, on behalf of her client, Mancuso, knowingly filed a false or fraudulent lis pendens with the recorder of deeds. As the court stated in the judgment in the section 570.095 case, this could subject Harrah (and Mancuso) "to

12

criminal charges, could affect [Mancuso]'s suit in [the underlying case] and could lead to further litigation."

The judgment in the section 570.095 case could be used as a predicate in a separate criminal prosecution against Harrah, although nothing in the record before us indicates that the State has initiated such a case. Section 570.095 provides that filing false documents is a class D felony for a first offense, and can be enhanced to a class C felony in certain situations not applicable to this case. § 570.095.2. The Odermanns argue that "any probability of criminal investigation" is "remote" because of the time that has passed between the judgment entry and this appeal. However, section 556.036 provides that the statute of limitations for a class D felony is three years. Section 556.036.2(1). Three years have not yet passed since the date Harrah filed the lis pendens, and therefore, Harrah could still be subjected to criminal prosecution based on that filing and the resulting judgment ordering the lis pendens invalidated under section 570.095.

Therefore, we conclude that this appeal is not moot, and we deny the Odermanns' motion to dismiss. We now turn to the merits of the appeal.

## Standard of Review

When reviewing a court-tried case, we "will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "A claim that the trial court erroneously declared or applied the law is reviewed *de novo*." *Estate of Lindner*, 621 S.W.3d 567, 576 (Mo. App. W.D. 2021) (citation omitted).

"While *Murphy v. Carron* dictates this Court review the circuit court's judgment to determine if it 'erroneously declares the law . . . [or] erroneously applies the law,' erroneous

13

declaration or application of the law is not itself sufficient to justify reversal." *Lollar v. Lollar*, 609 S.W.3d 41, 47 (Mo. banc 2020) (citation omitted). We "will find reversible error only when it materially affects the merits of the action with a firm belief that the decree or judgment is wrong." *Id.* (citation omitted).

## The Notice of Lis Pendens

In her first point on appeal, Harrah argues the court erred in holding the notice of lis pendens recorded against the property invalid as a false or fraudulent document under section 570.095. Ms. Harrah argues that because section 527.260 requires recording a notice of lis pendens in any action that affects real estate, a notice of lis pendens that complies with section 527.260 is subject to absolute privilege, and here, there was no substantial evidence supporting anything other than that the notice of lis pendens complied with section 527.260.

The filing of a lis pendens is governed by section 527.260, that provides in relevant part:

> In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff *shall file for record*, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice.

(emphasis added). "Filing a lis pendens provides notice to potential purchasers of a pending suit, which may affect title to property, and its purpose is to preserve rights pending the outcome of litigation." *State ex rel. Lemley v. Reno*, 436 S.W.3d 232, 234 (Mo. App. E.D. 2013) (citing *Kopp v. Franks*, 792 S.W.2d 413, 424 (Mo. App. S.D. 1990)). "Where lis pendens have a reasonable relation to the action filed, absolute privilege attaches to their recordation." *Id.* (citing *Houska v. Frederick*, 447 S.W.2d 514, 519 (Mo. 1969)). *See also Kopp*, 792 S.W.2d at 425; *Sharpton v. Lofton,* 721 S.W.2d 770, 777 (Mo. App. E.D. 1986)*.* "Missouri law places no

14

limitations or qualifications on the absolute privilege it accords lis pendens notices." *Lemley*, 436 S.W.3d at 234 (citing *Birdsong v. Bydalek*, 953 S.W.2d 103, 114 (Mo. App. S.D. 1997)). Neither the plaintiff's motive nor evidence tending to show motive is relevant and the "only relevant inquiry is whether the lis pendens notices bore a reasonable relation to the action filed." *Birdsong*, 953 S.W.2d at 114.

Section 570.095, the statutory provision under which the Odermanns filed their petition for review, was enacted in 2018. The statute makes it a criminal offense to file false documents, with a listing of documents to which it applies. Section 570.095 also provides a "civil" cause of action for "judicial review of a filing or record that is believed to be fraudulent, false, misleading, forged, or contains materially false information" by "fil[ing] a probable cause statement . . . in the associate or circuit court of the county in which the original filing or record was transferred, received, or recorded." § 570.095.7.

> Section 570.095 provides, in relevant part, that:
> 1. A person commits the offense of filing false documents if
> (1) With the intent to defraud, deceive, harass, alarm, or negatively impact financially, or in such a manner reasonably calculated to deceive, defraud, harass, alarm, or negatively impact financially, he or she files, causes to be filed or recorded, or attempts to file or record, creates, uses as genuine, transfers or has transferred, presents, or prepares with knowledge or belief that it will be filed, presented, recorded, or transferred to the secretary of state . . . to the recorder of deeds . . . to any municipal, county, district, or state government entity, division, agency, or office, or to any credit bureau or financial institution any of the following types of documents:
> (a) Common law lien;
> (b) Uniform commercial code filing or record;
> (c) Real property recording;
> (d) Financing statement;
> (e) Contract;
> (f) Warranty, special, or quitclaim deed;
> (g) Quiet title claim or action;
> (h) Deed in lieu of foreclosure;
> (i) Legal affidavit;
> (j) Legal process;
> (k) Legal summons;

15

(l) Bills and due bills;

(m) Criminal charging documents or materially false criminal charging documents;

(n) Any other document not stated in this subdivision that is related to real property; or

(o) Any state, county, district, federal, municipal, credit bureau, or financial institution form or document; and

(2) Such document listed under subdivision (1) of this subsection contains materially false information; is fraudulent; is a forgery, as defined under section 570.090; lacks the consent of all parties listed in a document that requires mutual consent; or is invalid under Missouri law.

§ 570.095. A petition filed under this section "shall have an initial hearing date within twenty business days of the date the petition is filed with the court." § 570.095.8. Further, it is a class C or D felony to file or record various documents "[w]ith the intent to defraud, deceive, harass, alarm, or negatively impact financially . . . ." § 570.095.1(1); § 570.095.2(2). "A court ruling of invalid shall be evidence that the original filing or record was not accurate, true, or correct." § 570.095.8.

In this case, the parties disagree how sections 527.260 and 570.095 should be applied to the facts of the case and the lis pendens at issue. We conclude that section 527.260 provided Harrah the unqualified right, and requirement, to record a lis pendens under the circumstances and she properly exercised that right when she recorded the lis pendens at issue.

Here, there was a reasonable relationship between the recorded lis pendens notice and the suit filed in the underlying case. Mancuso's lawsuit in the underlying case affected the property. The underlying suit alleged that Mancuso and the Odermanns had an agreement under which the Odermanns would sell Mancuso the property. Because the property was not sold to him, Mancuso sought damages for breach of contract, or alternatively, for specific performance of the contract for the sale of the property, among other claims. Specifically, the relief Mancuso sought in count II, specific performance, was equitable in nature. *JTB Props., LLC v. Zwillenberg*, 626

16

S.W.3d 255, 262 (Mo. App. W.D. 2021) ("Specific performance [of a contract] is a purely equitable remedy . . . ."). The pending suit in the underlying case clearly could affect title to the property. Thus, Harrah properly recorded the lis pendens under section 527.260.

The Odermanns argue that a notice of lis pendens falls within the categories of documents that are subject to review under the statute as a "[r]eal property recording" under section 570.095.1(1)(c), as "[l]egal process" under section 570.095.1(1)(j), and as "any other document not stated in this subdivision that is related to real property" under section 570.095.1(1)(n). Specifically, the Odermanns contend that the lis pendens was a false or fraudulent document under section 570.095 because of the intent behind the filing of the underlying case that then created the lis pendens, and that they presented "extensive" evidence to the court about the "falseness and the fraudulent intent with which the [u]nderlying [c]ase was filed." The Odermanns argue that the legislative intent, as reflected in the plain language of section 570.095, was to provide an expedited method for resolving false and fraudulent claims of any sort, and the statute as applied by the court achieved that end.

The Odermanns' arguments miss the mark. As we have already said, when examining a lis pendens filed pursuant to section 527.260, neither the plaintiff's motive nor evidence tending to show motive is relevant and the "only relevant inquiry is whether the lis pendens notices bore a reasonable relation to the action filed." *Birdsong*, 953 S.W.2d at 114. We also do not agree with the Odermanns' contention that section 570.095 provides them an expedited method for resolving their dispute under the circumstances in the case. This reading would conflict with the plain language of section 527.260 requiring a notice of lis pendens in such suit.

We hold that where a notice of lis pendens that contains the information required by section 527.260, is filed and has "a reasonable relation" to a civil action pending based on any

17

equitable right, claim or lien affecting or designed to affect real estate, the lis pendens cannot be attacked under section 570.095 as a matter of law because of the requirement in section 527.260 to file such notice, and the resulting absolute privilege attached to the filing. Section 527.260 and section 570.095 are not inconsistent with one another. Sections 527.260 and 570.095 can and should be read together, to give both meaning. *See Davis v. Byram*, 31 S.W.3d 148, 151 (Mo. App. E.D. 2000) ("Where two separate statutes deal with the same subject matter, the two must be read together and harmonized and force must be given to the provisions of each."). That can only be done by interpreting section 570.095's language of "fraudulent, false, misleading, forged, or contain[ing] materially false information" in a way that excludes filings that are required by statute, even if a party argues the reason for the filing (in this case, the underlying breach of contract action) was motivated by improper means or intent.

Thus, because a notice of lis pendens *shall be filed* pursuant to section 527.260 if there is a pending suit that can in anyway impact title to real estate, a court entertaining a section 570.095 petition for review has no authority to look at the motive or to a party's intent for filing the lawsuit that generates the statutory obligation to file the notice of lis pendens. Instead, such issues are properly—and should only be—addressed in connection with the underlying lawsuit, and possibly in further litigation, whether by way of a malicious prosecution or slander of title action, if at all.

Here, the court was aware of the petition filed in the underlying case as there was a motion to consolidate improvidently filed in the court and the argument about the absolute privilege associated with a section 527.260 filing was made in the section 570.095 case via a motion to dismiss. Because the record plainly establishes that there was a breach of contract action pending that triggered the obligation under section 527.260 to file a notice of lis pendens,

18

the court in the section 570.095 case could not find that the lis pendens was false or fraudulent, and thus, invalid, as a matter of law.

We conclude that Harrah's recording of the lis pendens notice in this case was legal and authorized by section 527.260. The court's judgment declaring the lis pendens invalid was incorrect as a matter of law. Point one is granted. Because our determination of this point is dispositive of Harrah's appeal we do not discuss her remaining claim of error.

**Conclusion**

We reverse the court's judgment, and under Rule 84.14, we enter the judgment the court should have entered and deny the petition for judicial review under section 570.095.

_____
Janet Sutton, Presiding Judge

Cynthia L. Martin and Edward R. Ardini, Jr., Judges concur.