

# SUPREME COURT OF MISSOURI
# en banc

D. SAMUEL DOTSON III                                )
AND REBECCA MORGAN,                          )
                                                                    )
      Appellants,                                     )
                                                                    )
v.                                                                  )
                                                                    )
JASON KANDER,                                        )
MISSOURI SECRETARY OF STATE,           )
SENATOR KURT SCHAEFER,                    )
ET AL.,                                                        )
                                                                    )
      Respondents.                                  )
                                                                    )
consolidated with                                      )      No. SC94293
                                                                    )
JENNIFER M. JOYCE                                 )
AND JEAN PETERS-BAKER,                      )
                                                                    )
      Appellants,                                     )
v.                                                                  )
                                                                    )
TOM DEMPSEY,                                        )
ET AL.                                                          )
                                                                    )
      Respondents.                                  )

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Jon E. Beetem, Judge

*Opinion issued July 18, 2014*

PER CURIAM.

The Senate Committee Substitute for Senate Joint Resolution 36 (SJR 36) was truly agreed and finally passed by the General Assembly on May 7, 2014.[1] The secretary of state certified the official ballot title on June 13, and it was placed on the August 5 state primary election ballot, pursuant to the governor's decision calling for a special election on SJR 36.

On the same day the ballot title was certified, D. Samuel Dotson III and Rebecca Morgan filed suit in Cole County Circuit Court challenging the sufficiency and fairness of the summary statement pursuant to section 116.190.[2] They later added a claim that section 116.190 was unconstitutional. Jennifer M. Joyce and Jean Peters-Baker also filed a separate petition challenging the fairness and sufficiency of the summary statement in the ballot title.

The trial court consolidated the two cases and addressed the cross motions for judgment on the pleadings as there were no factual disputes. It issued a judgment on July 1, determining that the cases were moot because section 115.125.2 prohibits changes to a ballot title within six weeks of the election. In the alternative, the trial court found the ballot summary was fair and sufficient. Appellants appealed, and this Court has jurisdiction under Mo. Const. art. V, sec. 3.[3]

---

[1] Defendants Senate President Pro Tem Dempsey and House Speaker Jones signed and delivered SJR 36 to Defendant Secretary of State Kander on May 30.
[2] All statutory references are to RSMo Supp. 2013 unless otherwise noted.
[3] Appellants also filed a motion for transfer to this Court prior to an opinion from the court of appeals, No. SC94319, which is denied.

## Section 115.125.2 Renders This Case Moot

As a threshold matter, appellate courts must determine if a controversy is moot. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). To exercise appellate jurisdiction, there must be an actual controversy that is "susceptible of some relief." *Id.* When an event occurs that makes a court's decision unnecessary or makes granting effectual relief impossible, the case is moot and should be dismissed. *Id.*

In 2003, the General Assembly amended section 115.125.2 to include the provision that, except for the death of a candidate, "[n]o court shall have the authority to order an individual or issue be placed on the ballot less than six weeks before the date of the election." 2003 Mo. Laws 599, 607-08. In the instant case, this six-week period prior to the August 5 election ended on June 24, a date that already had passed when the trial court entered its judgment on July 1. Assuming there is merit to Appellants' claims, a question this Court does not reach, no effectual relief can be granted to Appellants without altering the summary statement. Under section 115.125.2, however, this Court cannot grant such relief. Accordingly, this appeal is moot.

Appellants argue section 115.125.2 does not apply here because they are not seeking to have a new issue "placed on the ballot," but rather seek only to have the Court revise a ballot title that already is on the August 5 ballot. While section 115.125.2 states that a "court shall [not] have the authority to order an individual or issue be placed on the ballot less than six weeks before the date of the election," Missouri courts have interpreted this language to prohibit ballot title modifications. In *Cole v. Carnahan*, the plaintiff challenged the sufficiency of a summary statement in a ballot title under section

3

116.190. 272 S.W.3d 392 (Mo. App. 2008). The court dismissed the appeal because the election was less than six weeks away and section 115.125.2 prohibited it from altering a ballot title already certified to the local election authorities. *Id.* at 395.

The analysis of section 115.125.2 in *Cole* is consistent with prior statements from this Court regarding this same language. In *State ex rel. Nixon v. Blunt*, this Court cited section 115.125.2 for the proposition that "courts are to freely give authority to make changes in the ballot ***until six weeks before the election***." 135 S.W.3d 416, 419-20 (Mo. banc 2004) (emphasis added). In *State ex rel. Brown v. Shaw*, this Court noted that, "[a]fter the six-week deadline of section 115.125.2, judicial relief is ***limited to an election contest***." 129 S.W.3d 372, 374 n.2 (Mo. banc 2004) (emphasis added).

As demonstrated by the decisions in *Cole*, *Nixon*, and *Shaw*, in the ten years since the General Assembly added this concluding sentence to section 115.125.2, the courts of this state consistently have interpreted that language to prohibit court-ordered modifications to a ballot title within six weeks of an election. The legislature has not chosen to change that interpretation by amending section 115.125.2, and this Court is unwilling to do so now.

The legislature's decision to establish a "bright line" rule prohibiting court-ordered changes to the ballot within six weeks of an election was not arbitrary. It coincides with the printing and availability of absentee ballots, which is to begin six weeks prior to an election. *See* section 115.281.1. In addition, overseas military ballots are to be printed and made available 45 days before an election. Section 115.914.1.

If ballot titles are modified after the six-week pre-election time frame, local

4

election authorities would have to reprint ballots.  Also, absentee and overseas military voters would be voting on a different ballot title than in-person voters.  Further, a candidate is not permitted to withdraw after six weeks before the election, nor will a disqualified candidate's name be removed from a ballot outside the same time frame.  Section 115.127.6; sections 115.359.2, 115.379.2, RSMo 2000.

Appellants argue that this interpretation of section 115.125.2 would foreclose full judicial review of ballot titles under section 116.190 each time the General Assembly drafts a summary statement for a proposed constitutional amendment and the governor calls a special election for that question on the August primary election day.  This concern does not justify abandoning a settled construction of this provision, particularly in light of the fact that judicial review of a claim that a given ballot title was unfair or insufficient (when not previously litigated and finally determined) is available in the context of an election contest should the proposal be adopted.  *See* section 115.555, RSMo 2000.

For the foregoing reasons, this appeal is dismissed as moot.[4]

All concur.

---

[4] Any motion for rehearing in this case shall be filed no later than three calendar days after the opinion is handed down.