*176 Laura Denvir Stith, Judge,
dissenting
I respectfully dissent. The principal opinion ■ holds that the challenge to the summary statement of the ballot title was timely because chapter 115, RSMo, in contrast to chapter 116, RSMo, allows for .a post-election challenge. I disagree with the principal opinion’s construction of chapter 115 to apply to challenges to a ballot title. As discussed in greater detail in my separate opinion in Dotson v. Kander, 464 S.W.3d 190, 2015 WL 4036160 (Mo. banc 2015) (No. SC94482) (“Dotson IF) (Stith, J., concurring in result), a challenge to a ballot title can be brought' only prior to an election under chapter 116. Ballot title errors are not “irregularities” in' an election as contemplated by chapter 115.- I, therefore, would not permit the filing, of a challenge to a ballot title after the election in the first instance.
The principal opinion relies on Dotson v. Kander, 435 S.W.3d 643 (Mo. banc 2014) (Dotson I) and Dotson II to justify the use of chapter 115 to allow the filing of a post-election.: challenge to a ballot title even when no petition challenging the ballot title was filed pre-election as required by section 116.190, RSMo Supp. 2013. Dotson II so held because the. Court believed itself bound by dicta in Dotson I, which so permitted. I concurred in Dotson I, but, for the reasons stated in my separate opinion in Dotson II, it is now evident that this dicta in Dotson I simply was incorrect and stands as an abject demonstration of. the dangers of obiter dictum, particularly when, as in Dotson I, that issue was not briefed or argued.
Chapter 116 governs ballot-title challenges and, as such, section 116.190 mandates that a ballot title challenge must be brought within 10 days of certification of a matter for the ballot. Chapter 116 does not provide that, alternatively, such a challenge may be brought after the election under chapter 115. Such challenges must initially be brought prior to the election so that, if possible, they Can be determined prior to the election, allowing correction of any unfairness and insufficiency in the ballot title in most instances.
When, as in Dotson II, there is insufficient time to finally determine the fairness and sufficiency issues prior to six weeks before the election at which the matter will be voted, then the matter may continue until resolution even if that means that it is not finally resolved until after the election. But here, because no petition challenging the ballot title was filed prior to the election as required by section 116.190, the petitioners may not,for the first time file a challenge to the ballot title under chapter 115.
Certainly there is no reason to doubt that in the instant ease the post-election challenge under chapter 115 was made in good faith reliance on Dotson I But permitting such challenges first to be brought after an election invites sandbagging— waiting to see if a measure passes and only challenging the ballot title if the measure does pass, when it is too late to correct the ballot title.
Because the challenge was not brought prior to the election as mandated by chapter 116, I would hold that the challenge is untimely.