

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

VERNON COUNTY REPUBLICAN )
COMMITTEE, BY AND THROUGH )
CYNDIA HAGGARD, CHAIRMAN, )
                                  )
        Respondent, )
                                  )
v.                                 )         WD87195
                                  )
ADRIENNE LEE, )
VERNON COUNTY CLERK, )         Filed:  July 2, 2024
                                  )
        Appellant. )

## APPEAL FROM THE CIRCUIT COURT OF VERNON COUNTY
### THE HONORABLE GAYLE L. CRANE, JUDGE

## BEFORE SPECIAL DIVISION: LISA WHITE HARDWICK, PRESIDING JUDGE, KAREN KING MITCHELL, JUDGE, AND THOMAS N. CHAPMAN, JUDGE

Adrienne Lee, the Vernon County Clerk ("County Clerk"), appeals the circuit court's judgment granting the Vernon County Republican Committee's ("VCRC") request for a permanent writ of mandamus ordering that eight candidates not be placed on the ballot as Republican candidates in the August 2024 primary election.  In its judgment, the court found the County Clerk failed to perform the statutory ministerial duty of receiving a receipt from the VCRC before accepting each candidate's declaration of candidacy.  The County Clerk argues she had no statutory ministerial duty to wait until

she received a receipt from the VCRC before accepting each candidate's declaration of candidacy and putting their names on the primary ballot. Because we no longer have statutory authority to provide relief in this matter, we dismiss the appeal as moot.

FACTUAL AND PROCEDURAL HISTORY

Brent Banes, Lena Kleeman, Michael Buehler, Kelsey Westerhold, Jimmy Dye, Cindy Thompson, John Shorten, and Frank Radspinner, four of whom were incumbents previously elected as Republicans, were seeking to run as Republicans for Vernon County offices in the August 6, 2024 primary election. Between February 27, 2024, and March 26, 2024, they tendered their filing fee, payable to the VCRC, and their declarations of candidacy to the County Clerk pursuant to Section 115.357.2.[1] The County Clerk then forwarded the tendered amounts to the VCRC's treasurer.

The VCRC's treasurer did not deposit the candidates' filing fee checks into the VCRC's treasury. Instead, the VCRC returned the checks to the County Clerk, notifying her in writing that the VCRC did not accept the tendered filing fees from these candidates. The VCRC explained it had established a vetting process by which candidates who desired to run for county office as Republicans were assessed to determine if they met the VCRC's minimum requirements to run as Republicans. If potential candidates refused to be vetted or did not "pass" the vetting process, the VCRC would not accept their filing fee (nor provide a receipt) and would thus reject their candidacy. The eight candidates refused to be vetted.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2023 Cumulative Supplement.

The VCRC filed an amended petition for writ of prohibition and/or mandamus asking the circuit court to order the County Clerk not to accept the eight candidates as Republican candidates for Vernon County elective office and not to include them on any official printed ballot for the primary election. On April 8, 2024, the circuit court issued a preliminary order in mandamus ordering the County Clerk not to place the candidates on the ballot "until such time as the [VCRC] informs the [County Clerk] that said filing fee has been accepted by the [VCRC] as a Republican candidate."

Following a trial on stipulated facts and stipulated exhibits, the court entered a judgment on May 9, 2024, issuing a permanent writ of mandamus ordering that the eight candidates not be placed on the official ballot as Republican candidates in the August 6, 2024 primary election. The County Clerk filed a notice of appeal on May 16, 2024, and filed a motion to expedite the appeal. The VCRC opposed the motion to expedite.

We issued an order on May 22, 2024, staying enforcement of the circuit court's judgment and ordering that the names of the eight candidates be placed on the ballot and remain on the ballot until further order of this court. We noted that, pursuant to Rule 81.05, we would consider the premature notice of appeal as being filed immediately after the judgment became final on June 10, 2024. We ordered the appeal expedited once the judgment became final.

## MOOTNESS

As a threshold matter, we have a duty to determine whether the case before us is moot. *Dotson v. Kander*, 435 S.W.3d 643, 644 (Mo. banc 2014). "To exercise appellate jurisdiction, there must be an actual controversy that is 'susceptible of some relief.'" *Id.*

3

(quoting *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and should be dismissed." *Id.* "We do not decide questions of law disconnected from the granting of actual relief." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. 1998). In determining whether a controversy is moot, we may consider matters outside of the record. *Id.*

Both parties assert this case is moot. Resolution of the issues raised in this appeal would determine whether the County Clerk properly placed the eight candidates on the August 6, 2024 Republican primary ballot. The parties rely on Section 115.125.3, which provides, "No court shall have the authority to order an individual or issue be placed on the ballot less than eight weeks before the date of the election." The Supreme Court has interpreted this language to prohibit *any* ballot modifications after the eighth Tuesday before the primary election.[2] *See Dotson*, 435 S.W.3d at 644 (dismissing appeal of a request to revise a ballot title because it was after the six [now eight]-week deadline); *State ex rel. Nixon v. Blunt*, 135 S.W.3d 416, 419-20 (Mo. banc 2004) (stating the election statutes "clearly note that courts are to freely give authority to make changes in the ballot until six [now eight] weeks before the election"); and *State ex rel. Brown v. Shaw*, 129 S.W.3d 372, 374 n.2 (Mo. banc 2004) (stating that after the six [now eight]-week deadline, "judicial relief [concerning the placement of a candidate on a ballot] is limited to an election contest").

---

[2] In prior versions of Section 115.125, this language was in subsection 2, and the deadline was six weeks before the date of the election.

The legislature has since clarified that the prohibition against making any ballot modifications after the eight-week deadline includes a prohibition against striking or removing a candidate's name from the ballot. In November 2018, the legislature amended Section 115.127.3 to include the italicized language:

> 3. The election authority shall print the official ballot as the same appears on the sample ballot, and no candidate's name or ballot issue which appears on the sample ballot or official printed ballot shall be stricken or removed from the ballot except on death of a candidate or by court order, *but in no event shall a candidate or issue be stricken or removed from the ballot less than eight weeks before the date of the election.*

Thus, striking or removing a candidate from the ballot after the eight-week deadline is expressly prohibited.

The Eastern District of this court relied on Section 115.127.3 to find the controversy moot in *Carter v. Frederickson*, 568 S.W.3d 898, 901 (Mo. App. 2019). The issue in *Carter* was whether a candidate for the director of a fire protection district was disqualified from running for the position because his tax affidavit was not notarized. *Id.* at 900. The circuit court ordered his name remain on the ballot. *Id.* at 901. On appeal, the court held the controversy was moot, as Section 115.127.3's eight-week deadline to remove his name from the ballot expired the day after the trial occurred. *Id.*[3]

The eight-week deadline in Sections 115.125.3 and 115.127.3 expired in this case on June 11, 2024. The names of the eight candidates cannot now be stricken or removed

---

[3] The court in *Carter* addressed the merits of the appeal after concluding the public interest exception applied. 568 S.W.3d at 901. For reasons discussed *infra*, we do not find the public interest exception applies here.

5

from the ballot, and the ballot cannot be modified in any way.[4]  Thus, the case became moot on June 11, 2024.  A decision by this court as to whether the County Clerk had a ministerial duty to receive a receipt from the VCRC before placing the eight candidates' names on the August 6, 2024 primary ballot "will no longer have any practical effect on an existing controversy and would merely be an advisory opinion" because, at this time, the ballots cannot be changed.  *Gartner v. Mo. Ethics Comm'n*, 323 S.W.3d 439, 441-42 (Mo. App. 2010).

The VCRC argues the issues raised in the County Clerk's appeal were moot as of the time of the filing of the appeal and, as a result, we had no authority to enter our May 22, 2024 order staying the underlying judgment.  We disagree.  The case did not become moot until June 11, 2024, after which we lost the ability to grant any effectual relief.  The VCRC could have challenged our issuance of the May 22, 2024 stay order by seeking a writ in the Missouri Supreme Court, but it did not do so.  Moreover, we note that, if the VCRC had not objected to the County Clerk's motion to expedite, we would have expedited the appeal to ensure disposition before the June 11, 2024 deadline.

Although the VCRC agrees the case is moot, it asks us to find that it falls within the public interest exception to the mootness doctrine and address it on the merits.  Under the "narrow" public interest exception, "an appellate court is required to dismiss a moot appeal unless the case presents an issue that (1) is of general public interest; (2) will

---

[4] Pursuant to Section 115.914.1, ballots have already been printed and sent to "all covered voters" who submitted a valid military-overseas ballot application.  Absentee ballots have also been printed, and Section 115.281.1 required they be sent on June 25, 2024.

6

recur; and (3) will evade appellate review in future live controversies." *Hummel v. Ashcroft*, 647 S.W.3d 577, 582 (Mo. App. 2022) (internal quotation marks and citation omitted). We cannot exercise our discretion to allow the appeal to proceed unless the case meets all three of the exception's requirements. *Bernhardt v. McCarthy*, 467 S.W.3d 348, 351 (Mo. App. 2015).

The issue raised in the County Clerk's points is whether she has a ministerial duty under Section 115.357 to receive a receipt for the filing fee from the political party from whom a potential candidate seeks a nomination before accepting the potential candidate's declaration of candidacy and placing them on the ballot. This issue is of general public interest and will likely recur, but the question is whether it would evade appellate review. "For a case to evade review in future live controversies, the duration of the controversy must be so limited that it is not possible for a claim to be heard and appeals to be exhausted during its duration." *Bernhardt*, 467 S.W.3d at 351.

The VCRC argues this issue will likely evade appellate review because "the tight deadlines prescribed by the statutory provisions in question make meaningful appellate review logistically difficult and unlikely." There are 77 days between the end of the filing period for a declaration of candidacy in Section 115.349.1 and the eight-week deadline for primary ballot changes in Sections 115.125.3 and 115.127.3. While the duration of a controversy concerning a clerk's ministerial duties with regard to an election is limited, Missouri courts have a long history of resolving cases involving election-related issues on an extremely expedited basis, and it is certainly possible for future claims, if expedited, to be heard and appeals to be exhausted within the statutory

7

time constraints. *See, e.g.*, *State ex rel. Thomas v. Neeley*, 128 S.W.3d 920 (Mo. App. 2004); *Chastain v. Kansas City Mo. City Clerk,* 337 S.W.3d 149 (Mo. App. 2011). Because the issue presented is practically capable of review in a future live controversy, the public interest exception to dismissal of this moot case does not apply. *See City of Manchester v. Ryan*, 180 S.W.3d 19, 22 (Mo. App. 2005).

In anticipation of our decision to dismiss the appeal on grounds of mootness, both parties have requested that we grant additional relief. The VCRC requests that we lift the May 22, 2024 stay order, and the County Clerk requests that we vacate the circuit court's judgment. Because there is no practical effect on the ballot from taking either of these actions, we decline both requests.

### CONCLUSION

The appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

8